UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States ex rel.
Stephen Danforth,

Petitioner,

vs. ORDER

David Crist, Warden, and
Department of Corrections
of the State of Minnesota,

Respondents. Civ. No. 01-2137 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of December, 2001.

* * *

The Petitioner has filed a Petition for a Writ of Habeas Corpus which claims that he is being illegally detained by the Respondents for reasons which are violative of his rights under the Constitution, laws or treaties of the United States. As he recognizes that two of his claims have not been exhausted, the Petitioner has also filed a Motion to Stay the Habeas proceeding until completion of the State Court review of his two unexhausted claims. In the alternative, the Petitioner asks that we dismiss the two unexhausted claims, and allow the remaining claims to proceed. The Petitioner has further applied to proceed in forma pauperis, thereby waiving the $5.00 statutory filing fee. For reasons which follow,

(6)

FILED DEC 04 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

we deny the Petitioner's Motion to Stay the Habeas proceeding, and his Motion to Dismiss the two unexhausted claims, but allow him to file an Amended Habeas Petition to assert the unexhausted claims. We further deny his Application to proceed in forma pauperis.[1]

The Petitioner initially admits that two of his many claims for relief have not been exhausted in the State Courts. Specifically, he is in the process of exhausting his claim that his sentence was improperly enhanced, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), as well his claim that a condition of his sentence, that he have no contact with those individuals who served as Jurors at his Trial, imposes a Double Jeopardy upon him,

[1]The Prison Litigation Reform Act ("PLRA"), Title 28 U.S.C. §1915(a)(2) and (b)(1), which requires prisoners to pay their full filing fees, does not apply to habeas corpus petitions, for which in forma pauperis relief remains fully available for qualified applicants. See, Malave v. Hedrick, 2001 WL 1355593 at *1 (8th Cir. November 6, 2001)[unpublished decision]; Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998); In re Phillips, 133 F.3d 770, 770-71 (10th Cir. 1998); Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997); Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); Anderson v. Singletary, 111 F.3d 801 (11th Cir. 1997); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997); Santana v. United States, 98 F.3d 752, 755-56 (3rd Cir. 1996); Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996); Reyes v. Keane, 90 F.3d 676, 678 (2nd Cir. 1996). The Habeas action is a unique creature that, as the Courts have uniformly found, does not fit within the term "civil actions" to which the PLRA applies. Cf., Harris v. Nelson, 394 U.S. 286, 293-94 (1969)("Essentially, the proceeding is unique," and "Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense.").

and violates his right to Free Expression and Due Process. Title 28 U.S.C. §2254(b) prohibits the issuance of a Writ of Habeas Corpus "unless it appears that the applicant has exhausted the remedies of the State." Title 28 U.S.C. §2254(b)(1). Accordingly, a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims presented in his Federal Petition. See, Picard v. Conner, 404 U.S. 270, 275 (1971)(exhaustion of State remedies doctrine mandates the presentation of Federal constitutional claims to the State Courts at least once on direct or collateral review); Duncan v. Henry, 513 U.S. 364, 365 (1995) (exhaustion requires State prisoners to "fairly present" Federal claims to the State Courts); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996); Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir. 1995).

While acknowledging his failure to exhaust the two claims listed above, the Petitioner requests that we stay his Petition for a Writ of Habeas Corpus while he is exhausting those claims which, apparently, he is in the process of doing. We are without authority to afford such relief, however. See, Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). As the Court stated in Carmichael:

> We have already held that a district court has no authority to hold a habeas petition containing unexhausted claims in abeyance absent

> truly exceptional circumstances, such as when state remedies are inadequate or fail to afford a full and fair adjudication of federal claims, or when exhaustion in state court would be futile. See Victor v. Hopkins, 90 F.3d 276, 279-80 & n.2, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 * * * (1997).

Id.

On the face of his Motion to Stay the Petition does not present any such exceptional circumstances.[2] Therefore, we deny the Petitioner's Motion to Stay.

---

[2]The Petitioner does appear to contend that it is futile to present these claims to the State Court, as it has not acted upon the claims to date, although the claims were presented to the State Court in approximately March of 2001. In part, the Petitioner believes that the one year time limitation imposed by Title 28 U.S.C. §2244(d) will prevent him from filing his Habeas Petition. Section 2244(d)(1) provides that a Habeas Petition under Section 2254 must be brought within one year after a Judgement of conviction "became final by the conclusion of direct review." The plain language of the Statute provides for the tolling of the Statute of Limitations while a collateral review is in progress, however. See, Title 28 U.S.C. §2244(d)(2). Section 2244(d)(2) provides as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, as there is apparently a current application for collateral relief on the pertinent claims, the Petitioner's contention of futility is not sustainable. Moreover, as these claims are before the State Courts, and there is no indication that the State Courts will not rule on them in the near future, we do not find any other bases to conclude that these claims are futile. Consequently, the claims must be exhausted before being presented to this Court.

In the alternative, the Petitioner asks that we dismiss the two unexhausted claims, and allow the Petition to proceed only on the exhausted claims. In order to avoid confusion, however, we direct the Petitioner to file an Amended Petition, which contains only those claims which are unexhausted. See, Jackson v. Dormire, 180 F.3d 919 (8th Cir. 1999)(directing that a petitioner be allowed to file an amended Habeas Petition, so as to only assert exhausted claims); Victor v. Hopkins, 90 F.3d 276, 279 (8th Cir. 1996) (directing that where a Petition includes both exhausted and unexhausted claims, "[t]he petitioner then either may return to state court to exhaust his claims or file an amended petition in federal court including only exhausted claims."). Therefore, we direct the Petitioner, if he so chooses, to file an Amended Habeas Petition **within 30 days after the date of this Order**, or else his Petition will be dismissed, without prejudice, for failure to exhaust his administrative remedies.

Finally, as to his Application to Proceed in forma pauperis, the Petitioner has supplied a prison trust account statement certifying that he currently has $249.50 in his account. During the six-month period immediately preceding the filing of this Petition, he had average monthly deposits of $149.27, and an average monthly balance of $183.24. According to the Petitioner, every month he receives a salary of $120.00. Moreover, during the previous twelve

months, he has received approximate $400.00 in other payments. On this Record, the Petitioner has sufficient funds to pay the $5.00 statutory filing fee, without depriving himself of the essentials of life. Therefore, his application to proceed in forma pauperis is denied. As the Petitioner has already submitted his $5.00 filing fee, though, he is permitted to proceed with his Petition.[3]

NOW, THEREFORE, It is --

ORDERED:

1. That the Petitioner's Application to Proceed In Forma Pauperis [Docket No. 2] is DENIED.

2. That the Petitioner file an Amended Petition, asserting only those claims for which he has exhausted his State Court remedies, **within 30 days of the date of this Order** should he choose to proceed with his exhausted claims.

---

[3]The Petitioner submitted the $5.00 filing fee at the time he filed his Petition, but specifically requested that we still assess his ability to proceed in forma pauperis.

3. That, absent compliance with this Order within the 30-day period, the Court will dismiss the Petition for failure to exhaust, and for failure to comply with an Order of this Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE