**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH, Civil No. 01-2137 (JRT/RLE)

Petitioner,

v.

**MEMORANDUM OPINION AND ORDER**

DAVID CRIST, Warden and MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondents.

---

Stephen Danforth, #147636, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, *pro se*.

Robert A. Stanich, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 525 Park Street, St. Paul, MN 55103, for respondents.

Petitioner Stephen Danforth ("Danforth") has filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This matter is now before the Court on Danforth's objections to the Report and Recommendation[1] of United States Magistrate Judge

---

[1] The Magistrate Judge's decision was styled as an "Order." However, because the Magistrate Judge's decision to dismiss is dispositive, it will be treated as a Report and Recommendation under D. Minn. LR 72.1(c)(2).

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

15

Raymond L. Erickson, dated December 4, 2001.[2] The Court has conducted a *de novo* review of Danforth's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and dismisses Danforth's petition without prejudice.

## BACKGROUND

Danforth, who is in custody of the State of Minnesota, filed a petition under § 2254 alleging a variety of violations of his rights. At the time of filing, Danforth had apparently exhausted his state remedies for most of these claims, but he concedes that two of the claims were not fully exhausted.[3] Danforth asked the Magistrate Judge to stay this "mixed petition" until all of his claims were exhausted in state court. The Magistrate Judge declined to do so, finding that the Court has no authority to issue such a stay, and that all mixed petitions must either be dismissed or amended to exclude the unexhausted claims. The Magistrate Judge also declined to dismiss only the unexhausted claims, finding that the Court could not sever parts of the petition from one another.

[2] Danforth has also filed a motion to stay consideration of his objections pending the U.S. Supreme Court's decision in *Harris v. United States*, 122 S. Ct. 2406 (2002). That case has now been decided, so Danforth's motion to stay is moot. Because the Court may not now consider the merits of Danforth's § 2254 petition, the Court expresses no opinion on whether *Harris* has any effect on the substance of Danforth's habeas claims.

[3] One such claim has since been exhausted. Therefore, there remains only one unexhausted claim in Danforth's petition.

The Magistrate Judge recommended giving Danforth 30 days to amend his petition to exclude the unexhausted claims. The Magistrate Judge also provided that if Danforth did not amend his complaint, it would be dismissed "for failure to exhaust, and for failure to comply with an Order of this Court." (Rep. & Rec. at 7.) Although the Magistrate Judge stated in his Memorandum Opinion that such dismissal would be without prejudice, the Order did not state whether the dismissal was with or without prejudice.

The Magistrate Judge also denied Danforth's application to proceed *in forma pauperis*, finding that Danforth had sufficient funds to pay the $5.00 statutory filing fee without depriving himself of the essentials of life.

## ANALYSIS

### I. Dismissal of Danforth's Petition

Danforth's objections focus mainly on preserving his rights to maintain federal review of his habeas claims. Danforth understands that he must exhaust all state forms of relief, and he appears willing to do so.[4] He is concerned, however, that the Report and

[4] A fundamental element of § 2254 litigation is the exhaustion requirement, under which state prisoners must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See* 28 U.S.C. §2254(b)(1). The United States Supreme Court has held that this requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Recommendation may cause him to be barred from re-filing in federal court, due either to the Magistrate Judge's holding or to the one-year statute of limitations under § 2254.[5]

Danforth argues that the Magistrate Judge's language was too vague for him to be certain whether he would be able to return to federal court once all his claims were exhausted in state court. First, Danforth notes that the Magistrate Judge was vague on whether dismissal of his petition would be without prejudice. The Magistrate Judge did specifically note in his Memorandum Opinion that the petition would be dismissed without prejudice, but failed to mention it in the Order language. (*See* Rep. & Rec. at 5,

---

[5] Section 2254 is governed by a statute of limitations, which provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2241(d)(1).

7.) The Court deems this to be a mere oversight by the Magistrate Judge. Danforth can be assured that such a dismissal would be without prejudice.

Second, Danforth suggests that the Magistrate Judge left open the possibility that his remaining unexhausted claim might be time-barred once it is exhausted and otherwise available for federal review. Danforth points to a footnote in which the Magistrate Judge suggested – but did not explicitly hold – that Danforth's unexhausted claims would not be barred by the one-year statute of limitations of § 2254 after state relief was exhausted. Danforth claims that this is not clear enough, and leaves him uncertain of whether he will obtain federal review of his remaining claim once it is exhausted.

To determine whether Danforth's unexhausted claim will be time-barred, the Court must examine his (many) state court filings to know when the statute of limitations began to run. Title 28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, the Court must determine when the statute of limitations was supposed to begin running. According to Danforth's petition, he was convicted on May 12, 1996. On December 16, 1997, the Minnesota Court of Appeals affirmed the conviction in part and reversed in part. The case was remanded, and apparently decided against Danforth, because he appealed the decision. *See State v. Danforth*, No. C5-98-2054, 1999 WL 262143 (Minn. Ct. App. May 04, 1999). Danforth lost this appeal, and the Minnesota Supreme Court denied review. From this point, the Court adds a ninety-day period to

allow Danforth to file for certiorari in the United States Supreme Court.[6] *See Jones v. Berge*, 101 F. Supp. 2d 1145, 1148 (E.D. Wis. 2000). Therefore, according to the Court's calculations, the one-year time limit for Danforth to file a habeas petition should have started to run on October 28, 1999.

The statute of limitations did not start running on this date, however, because in September 1999, Danforth properly filed a petition for post-conviction relief in state court. This filing tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The post-conviction court denied Danforth's claim, and this was affirmed by the Minnesota Court of Appeals. *See Danforth v. State*, No. C6-00-699, 2000 WL 1780244 (Minn. Ct. App. Dec. 5, 2000). The Minnesota Supreme Court denied review of this claim on February 13, 2001. The statute of limitations therefore began to actually run on February 14, 2001.

The statute then ran for several months, until October 19, 2001, when Danforth properly filed for post-conviction relief on his present unexhausted claim. This claim involves Danforth's sentence, and appears to be a "properly filed application for state post conviction review with respect to a pertinent claim." 28 U.S.C. § 2244(d)(2). Therefore, it tolled the statute of limitations once again. This unexhausted claim was already pending in state court – and the statute of limitations was already tolled – when

[6] Danforth did not seek such review.

Danforth filed his habeas petition in this Court on November 26, 2001.[7] As far as the Court can tell, this claim is still pending in state court, and the statute of limitations has been tolled since October 19, 2001. Therefore, according to the Court's calculations, eight months and five days of the statute of limitations have run (February 14, 2001 through October 19, 2001). Once this claim is exhausted in state court, Danforth will have nearly four months to file a § 2254 petition in federal court on that claim.

Danforth would like the Court to stay his habeas petition until his remaining unexhausted claim is exhausted, and then permit him to proceed on the entire petition. As the Magistrate Judge noted, established precedent prevents the Court from doing this. In *Rose v. Lundy*, 455 U.S. 509 (1982), the U.S. Supreme Court held that the § 2254 exhaustion requirement obligated district courts to dismiss all "mixed petitions." *Id.* at 510. In such cases, district courts may give petitioners the choice of returning to state court to exhaust all claims, or amending their petitions to include only exhausted claims. *Id.* The Eighth Circuit, following *Rose*, has explicitly refused to grant the kind of relief that Danforth seeks. In *Victor v. Hopkins*, 90 F.3d 276 (8th Cir. 1996), the Court stated: "any suggestion . . . that a district court has broad discretion to hold in abeyance a habeas petition including both exhausted and unexhausted claims is contrary to the Supreme Court's explicit directions in *Rose v. Lundy*." *Id.* at 282. The court reiterated that "a

[7] It should be noted that filing of a habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 173 (2001) ("Congress did not intend properly filed applications for federal review to toll the limitation period.").

mixed petition must be dismissed or the petitioner must elect to proceed on only the exhausted claim."[8] *Id.* *See Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998) (applying *Victor*). It appears, therefore, that the law on this question could be no clearer.

Danforth argues, however, that the law is not so clear. He cites a more recent Supreme Court opinion which stated that *Rose v. Lundy*, in requiring dismissal of all mixed petitions, "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Danforth is concerned that he may not be able to return to federal court, and notes that courts in other circuits held mixed petitions in abeyance while petitioners exhaust claims, without explicitly contradicting *Rose*. *See, e.g.*, *Calderon v. United States Dist. Ct. for the No. Dist. of Calif.*, 134 F.3d 981, 984-989 (9th Cir. 1998).

*Calderon* and other cases recognize a significant problem that habeas petitioners have faced since enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and its imposition of a one-year time limit on § 2254 claims. *See* 22 U.S.C. § 2244(d). *Rose* and its progeny, including *Victor v. Hopkins*, were decided when there was no time limit on § 2254 claims. Therefore, under *Rose*, a petitioner had nothing to lose if he returned to state court and exhausted his remedies. Now however, under AEDPA, a petitioner may return to find those claims time-barred. The Ninth Circuit in *Calderon* and several other courts have devised ways to preserve petitioners'

---

[8] The Eighth Circuit outlined several limited exceptions to this rule, none of which apply here. *See Victor v. Hopkins*, 90 F.3d 276, 280 n. 2 (8th Cir. 1996).

opportunities for federal review, while still adhering to the Supreme Court's directive in *Rose*.

In *Calderon*, the Ninth Circuit affirmed the district court, which allowed the petitioner to amend his mixed petition to remove unexhausted claims. The district court then stayed and held in abeyance the amended, fully exhausted petition, pending exhaustion of the remaining claims. *Calderon*, 134 F.3d at 984-85. The Ninth Circuit reasoned that this is permissible because "a district court has discretion to stay a petition which it may validly consider on the merits." *Id.* at 987 (quoting *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (1997)). The court noted that once all unexhausted claims were removed from the petition, the district court could consider the petition on its merits and therefore stay it. *Id.*[9]

Several other courts have approved of this technique or similar ones, recognizing that "enactment of AEDPA warrants some adjustment in the pre-AEDPA requirement of *Rose v. Lundy* that mixed petitions be dismissed in their entirety." *Zarvela v. Artuz*, 254 F.3d 374, 379-82 (2d Cir. 2001) (staying petitioner's exhausted claims pending exhaustion of his remaining claims, where "an outright dismissal would jeopardize the timeliness a [federal] collateral attack"). These courts have held that such techniques are

[9] The district court in *Calderon* also suggested that it would allow the petitioner to amend his petition a second time after litigating his claims in state court, and fold the newly exhausted claims back into his original habeas petition. The Ninth Circuit recognized that this third step might encounter "abuse of the writ" challenges, but stated it was too soon to make such a ruling because the district court had not actually granted such permission. *Calderon v. United States Dist. Ct. for the No. Dist. of Calif.*, 134 F.3d 981, 988-89 (9th Cir. 1998).

not "end-runs" around *Rose*, because "[w]hat the Supreme Court wanted to achieve [in *Rose*], and what AEDPA reinforces . . ., is the assurance that a district court will not grant relief on unexhausted claims." *Id.* Justice Stevens has also articulated this rationale:

> [I]n our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when . . . the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, concurring in part and in judgment). *See also Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-83 (1st Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002); *Graham v. Johnson*, 168 F.3d 762, 777-79 (5th Cir. 1999) (suggesting that a *Calderon/Zarvela*-style approach may be permissible in some cases); *Jones v. Berge*, 101 F. Supp. 2d 1145 (E.D. Wis. 2000). *Cf. Evans v. Smith*, 220 F.3d 306, 321-22 (4th Cir. 2000) (recognizing that such a procedure may be appropriate when needed to "preserve an opportunity for federal review").

The Eighth Circuit has not addressed this issue.[10] This Court finds *Calderon*, *Zarvela*, and similar cases to be persuasive. In this case, however, there is no reason to depart from established Eighth Circuit precedent, because dismissal will not take away Danforth's opportunity for federal review. *See Zarvela*, 254 F.3d at 380. Once

---

[10] *Carmichael v. White*, 163 F.3d 1044 (8th Cir. 1998), a post-AEDPA case, followed *Victor* without acknowledging *Calderon* or similar cases. The court did note *Calderon*'s doctrine in *Hunt v. Hopkins*, 266 F.3d 934 (8th Cir. 2001), but did not have to reach the merits in that case.

Danforth's remaining unexhausted claim is exhausted in the Minnesota courts, he will have nearly four months to file a habeas petition. This is sufficient time to file for federal review.

In conclusion, Danforth raises reasonable concerns about his ability to obtain federal review of his unexhausted habeas claim. However, the discussion above shows that if he acts diligently, Danforth will not lose the opportunity for federal review. The Court will permit Danforth to amend his § 2254 petition so that it includes only claims that have been properly exhausted pursuant to 28 U.S.C. §2254(b)(1). **This amended petition must be filed within 30 days of the date of this Order**. If Danforth does not file an amended petition within 30 days, the Court will dismiss his § 2254 petition without prejudice.

## II. Application to Proceed *In Forma Pauperis*[11]

The Magistrate Judge also denied Danforth's application to proceed *in forma pauperis*. The Magistrate Judge examined Danforth's financial information[12] and determined that Danforth "has sufficient funds to pay the $5.00 statutory filing fee,

[11] This portion of the Magistrate Judge's decision is not dispositive, and is properly treated as an Order. This decision may therefore be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).

[12] The Magistrate Judge noted that at the time of the Report and Recommendation, Danforth had $249.50 in his prison trust account, and that in the six-month period immediately before he filed his petition, Danforth's account had average monthly deposits of $149.27 and an average monthly balance of $183.24. The Magistrate Judge also noted that Danforth stated he received a monthly salary of $120.00, and that during the twelve months prior to filing he had received approximately $400.00 in "other payments." (Rep. & Rec. at 5-6.)

without depriving himself of the essentials of life." (Rep. & Rec. at 6.) Danforth appeals, arguing that *in forma pauperis* designation covers more than the initial filing fee, and includes all costs in the district court. Danforth notes that "in any given petition," a petitioner may need to hire an expert, conduct investigations, or incur other expenses. (Obj. at 5.) Danforth therefore claims that the Court should grant him *in forma pauperis* status now, and allow him to claim particular expenses later.

Danforth is correct that petitioners proceeding *in forma pauperis* may be entitled to more than initial filing fees. *See, e.g.*, 28 U.S.C. § 753(f) (providing for payment of fees for transcripts to certain parties proceeding *in forma pauperis*); 18 U.S.C. § 3006A(a)(2)(B) (permitting district courts to appoint counsel for financially eligible habeas petitioners when the interests of justice so require). Although circumstances "in any given petition" may entitle a petitioner to coverage of expenses, however, Danforth has not shown that he requires experts, investigation, or anything beyond the initial filing fee. Nor has he pointed to any authority permitting the Court to approve his application in these circumstances. Danforth has not shown that he cannot afford the $5.00 filing fee, nor has he shown that he needs to incur any other expenses that he cannot afford. Therefore, the Court affirms the Magistrate Judge's Order rejecting Danforth's application to proceed *in forma pauperis*.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Stay of Appeal from and Alternative Objection to Magistrate Judge's Order [Docket No. 14] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED THAT**:

2. The Court **OVERRULES** petitioner's objections and **DENIES** his appeal [Docket No. 9]. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Magistrate Judge's Order denying permission to proceed *in forma pauperis* [Docket No. 6].

3. Petitioner may file an Amended Petition for Writ of Habeas Corpus, asserting only those claims that have been exhausted as required by 28 U.S.C. §2254(b)(1). **Such amended petition must be filed within 30 days of the date of this Order.** If petitioner does not file an amended petition within the specified time period, his State Petition for Writ of Habeas Corpus [Docket No. 1] will be dismissed without prejudice.

DATED: September 26, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge