**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH,

Petitioner,

v.

DAVID CRIST, Warden and MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondents.

Civil No. 01-2137 (JRT/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Stephen Danforth, #147636, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, *pro se*.

Thomas R. Ragatz, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 525 Park Street, St. Paul, MN 55103, for respondents.

Petitioner Stephen Danforth ("Danforth") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is appealing a scheduling order issued by Magistrate Judge Raymond L. Erickson, dated December 4, 2002, and also has moved to reinstate his original petition for writ of habeas corpus in order to add a now exhausted claim. For the reasons discussed below, the scheduling order is modified, and petitioner's motion to add his exhausted claim is granted.

MAR 2 0 2003
FILED
RICHARD D SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## PROCEDURAL HISTORY

Petitioner, who is currently in custody of the state of Minnesota, filed a petition under § 2254 alleging a variety of violations of his rights. Petitioner's initial application contained an unexhausted claim, which petitioner refers to as his *Apprendi*-claim. Petitioner requested that the court stay his "mixed petition" until all his claims were exhausted in state court. The Court denied petitioner's request to hold his petition in abeyance until all of his state claims were exhausted.[1] Instead, the Court allowed petitioner 30 days to file an amended complaint asserting only those claims that had been exhausted as required by 28 U.S.C. § 2254(b)(1). The Court based its decision in part on its determination that petitioner would have adequate time, once his state claims were exhausted, to petition the federal court for relief.[2] Petitioner filed a timely amended petition containing only appropriate claims. Petitioner simply excised the unexhausted claim from his original petition and supporting documents.[3]

While his amended petition was pending, and before the government responded to that petition, the Minnesota Supreme Court denied review in his case, *State of Minnesota v. Stephen Danforth*, Appeal No. C2-02-283, November 19, 2002. His remaining claim was therefore exhausted. Petitioner immediately moved to add that now exhausted claim to the pending § 2255 motion by reinstating his original petition.

---

[1] *See* Opinion and Order dated September 26, 2002 ("September 26 Order").

[2] The Court calculated that petitioner would have nearly four months to file a § 2254 petition in federal court on that claim.

[3] Petitioner's *Apprendi*-claim was at pages 146 to 148 of the original filing. The portions of those pages relating to the *Apprendi* argument were removed from the amended filing.

## ANALYSIS

As the Court noted in the September 26 Order, established precedent prevented the Court from staying petitioner's mixed petition until all claims were exhausted. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that the § 2254 exhaustion requirement obligated district courts to dismiss all "mixed petitions"); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996). The Court recognized the recent trend, evidenced in other circuits, of allowing similarly situated petitioners to amend mixed petitions to remove unexhausted claims, and then staying and holding in abeyance the amended, fully exhausted petition, pending exhaustion of the remaining claims. *Calderon v. United States Dist. Ct. for the No. Dist. of Calif.*, 134 F.3d 981, 984-989 (9th Cir. 1998). Nonetheless, in petitioner's case, the Court declined to follow the *Calderon* line of cases, reasoning that petitioner would have time, following exhaustion in state court, to petition for federal relief.

Although the Court declined to issue a stay, the Court did not foreclose the possibility of adding newly exhausted claims to the pending petition.[4] Petitioner suggests that allowing him to add the exhausted claim to the pending motion is "the most judicially efficient course."

The Court agrees that in this case, due to the preliminary nature of the proceedings, the most efficient means to deal with petitioner's now exhausted claim is to

---

[4] In fact, while the original motion was pending before the Court, a claim became exhausted. That claim was simply incorporated into the amended petition.

allow petitioner to add that claim to the pending motion.[5] *See, e.g., Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001) (recognizing but not commenting on district court's reasoning that a 2254 petitioner who initially filed a mixed petition could elect to proceed with the exhausted claims, and add the unexhausted claims when the state court proceedings finished). Neither this Court, nor the Magistrate Judge, has taken any additional action on the motion. Reinstating the original petition will have the effect of simply adding the now exhausted claim to the petition.[6]

Because petitioner's appeal of the scheduling order was based largely on the disposition of this motion, the Court modifies the scheduling order of December 4, 2002. The government will have thirty days to respond to the now exhausted claim. Petitioner shall then have an opportunity to file only one reply to the government's responses.[7] Upon receipt of the government's additional response, petitioner shall have twenty days to file a reply, should he choose to do so.

---

[5] Another procedural course would be for the Court to dismiss the amended petition without prejudice, and allow petitioner to file a second amended complaint that relates back to his timely filed petition. Fed. R. Civ. P. 15(c). *See Hunt*, 266 F.3d at 935-37 (holding the Court lacked jurisdiction to review district court's grant of permission for habeas petitioner to file an amended complaint that related back to timely filed complaint).

[6] For the government's convenience, the Court notes that the "*Apprendi*-claim" is found at pages 146-148 of petitioner's initial "Addendum Response to Question 12" [Docket Number 2].

[7] The Court is aware that petitioner also has a motion pending before the Magistrate Judge regarding the government's alleged failure to comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will not address that motion at this time.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion to amend his petition by reinstating his original Petition for Writ of Habeas Corpus [Docket No. 21] is **GRANTED**.

2. Respondent will have thirty days from the date of this Order to file a response to the newly exhausted claim.

3. Petitioner's appeal of the scheduling order [Docket No. 22] is **DENIED** as moot. Petitioner shall have twenty days, from the Court's receipt of the government's additional response, to submit a reply to the government's responses, should he choose to do so.

5. Petitioner's motion to stay the scheduling order [Docket No. 26] is **DENIED** as moot.

DATED: March 20, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge