**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH, Civil No. 01-2137 (JRT/RLE)

Petitioner,

v.

**ORDER**

DAVID CRIST, Warden and
MINNESOTA DEPARTMENT OF
CORRECTIONS,

Respondents.

---

Stephen Danforth, #147636, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, *pro se*.

Thomas R. Ragatz, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 525 Park Street, St. Paul, MN 55103, for respondents.

Petitioner Stephen Danforth ("Danforth") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court recently granted petitioner's request to reinstate his original petition in order to add a now exhausted claim, and amended the scheduling order accordingly.[1] Petitioner has requested permission to file a motion for reconsideration of the scheduling portion of the Court's March 20, 2003 Order, and also

---

[1] See Memorandum Opinion and Order dated March 20, 2003 (hereinafter "March 20, 2003 Order").

FILED MAY 23 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

brings a separate but related motion for an enlargement of time and related relief. For the reasons discussed below, the Court denies petitioner permission to file a motion for reconsideration and denies petitioner's request for "related relief." The Court will allow an enlargement of time.

Petitioner filed a petition under § 2254 alleging a variety of violations of his rights. Petitioner's initial application was a "mixed petition" containing exhausted and unexhausted claims. When the unexhausted claim became exhausted, petitioner was allowed to substitute the initial petition, adding the now exhausted claim. The Court then modified the scheduling order of the Magistrate Judge to allow both the government and petitioner additional time for future filings.

Petitioner takes issue with the Court's use of the terms "response and "reply" in the March 20, 2003 Order. Petitioner suggests that by its use of "reply" the Court requires a comprehensive response to all factual and legal arguments in the government's response. Petitioner complains that he cannot submit such a comprehensive reply in the time allotted, and he cannot reply adequately without access to additional transcripts. Petitioner currently has a motion pending before the Magistrate Judge requesting additional transcripts and information from the government.

Petitioner misconstrues what is required of him pursuant to the March 20, 2003 Order. As an initial matter, petitioner is not **required** to file any sort of reply or traverse. The Rules governing section 2254 petitions, in fact, note, "Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances." Petitioner is not required, by any Rule or practice

of this District, to file a reply to the government's answer. However, petitioner may, should he choose to, file a reply challenging the affirmative defenses and legal contentions as set forth in the government's response. Petitioner should be assured that this Court will not prematurely dismiss his petition, and will ensure that the government complies with its obligations under the Rules Governing § 2254 Petitions.

Given the Court's clarification of the March 20, 2003 Order, it is not clear that petitioner needs additional time. However, because petitioner has requested an extension, and the government has not opposed that request, the Court grants petitioner the requested enlargement of time.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion to reconsider in part memorandum opinion and order dated March 20, 2003 [Docket No. 29] is **DENIED;**

2. Petitioner's request for additional time and related relief [Docket No. 32] is **GRANTED in part**. Petitioner shall have 60 days after the Court's receipt of the government's answer to file a reply, should he choose to do so. In all other aspects, the motion is **DENIED**.

DATED: May 23, 2003
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge