**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH,

Petitioner,

v.

DAVID CRIST, Warden; and MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondents.

Civil No. 01-2137 (JRT/RLE)

**ORDER ON APPEAL FROM MAGISTRATE JUDGE'S ORDER ON MOTION FOR SUPPLEMENTARY TRANSCRIPTION, FOR EXPANSION OF THE RECORD, AND FOR RELATED RELIEF**

---

Stephen Danforth, #147636, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, *pro se*.

Thomas R. Ragatz, Assistant Attorney General, MINNESOTA ATTORNEY GENERAL'S OFFICE, 525 Park Street, St. Paul, MN 55103, for respondents.

Petitioner Stephen Danforth ("Danforth") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on Danforth's appeal of the Magistrate Judge's order dated May 27, 2003. In that order, United States Magistrate Judge Raymond L. Erickson denied Danforth's Motion for Enlargement of Time as moot, and also denied Danforth's Motion for Supplementary Transcription, for Expansion of the Record, and for Related Relief pursuant to Rule 5 of the Rules Governing Section 2254 Cases. Danforth now appeals the latter ruling.

FILED AUG 14 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

An order of a magistrate judge on non-dispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). The Court has reviewed the record, including the Magistrate Judge's order and Danforth's appeal. For the reasons discussed below, the Court vacates the order regarding to the motion for supplementary transcription, for expansion of the record, and for related relief.

**BACKGROUND**

Danforth is in custody of the State of Minnesota. On November 26, 2001, Danforth filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging violation of his constitutional rights. Danforth's petition contained several grounds, but one was not exhausted as required by the habeas statute. *See* 28 U.S.C. §2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In keeping with Eighth Circuit law governing such "mixed petitions," the Court granted Danforth thirty days in which to amend his petition to include only exhausted claims. *See Danforth v. Crist*, Civ. No. 01-2137, 2002 WL 31163127 at *4 (D. Minn. Sep. 26, 2002) (the "September 2002 Order"). Danforth filed a timely amended petition in which he excised the unexhausted claim from his original petition and supporting documents.

While Danforth's amended petition was pending before the Court, his final, unexhausted claim was exhausted by the Minnesota courts. Danforth moved to add the newly-exhausted claim to his pending § 2254 motion by reinstating his original petition. The Court granted this motion on March 30, 2003. *See Danforth v. Crist*, Civ. No. 01-2137, 2003 WL 1572012 (D. Minn. Mar. 20, 2003) ("March 2003 Order"). In that order,

the Court gave the government 30 days to file an answer to Danforth's newly-exhausted claim, and gave Danforth 20 days from receipt of the government's answer to file a traverse or reply. At the time, Danforth's present motion for Supplementary Transcription and Expansion of the Record was pending before the Magistrate Judge, but the Court expressly stated that its Order would have no effect on that motion. *See id.* at *2 n.7.

Danforth's motion for Supplementary Transcription, for Expansion of the Record, and Related Relief claimed that the government's answer to his initial habeas petition did not comply with Rule 5 of the Rules Governing Section 2254 Cases. Danforth also requested that the Court order the government to file in the record a variety of transcripts and other materials. The Magistrate Judge denied this motion, explaining that the Court's March 2003 Order "mooted much of the relief requested" in Danforth's motion. (R&R at 2.) The Magistrate Judge further stated that "if the Court deems relevant any transcripts from the State Court proceedings, the Court will request those transcripts." (*Id.*) Danforth now appeals this order, claiming that the Court's March 2003 Order did not moot significant aspects of his requested relief.

## ANALYSIS

Rule 5 of the Rules Governing Section 2254 Cases lays out the requirements for the government's answer to a petitioner's § 2254 petition. It provides in relevant part that the answer

> shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering

> party deems relevant. **The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, an narrative summary of the evidence may be submitted.** If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the respondent with the answer.

Rule 5, § 2254 Rules (emphasis added). Danforth argues that the government's answer to his habeas petition was missing several items that are necessary or permitted under Rule 5, and that the Magistrate Judge erred by concluding that his requests were moot. The Court agrees, in part.

The Magistrate Judge is correct that certain aspects of Danforth's motion were rendered moot by this Court's March 2003 Order. These are the last two paragraphs of the motion, in which Danforth requests that the government be required to respond to his amended, fully exhausted petition, and requests sufficient time to respond to the government. (*See* Danforth Motion [Docket No. 23] at ¶¶ 7-8.) As discussed above, the Court did address these matters in its March 2003 Order, and they are now moot.

The Court does not agree that its March 2003 Order rendered any of Danforth's other requests moot. Danforth is correct that several of his requests should be granted pursuant to Rule 5, and the Court finds that the Magistrate Judge clearly erred by denying them. For example, because Danforth appealed his conviction and other orders, and because he sought post-conviction relief, Rule 5 requires that Danforth's briefs and the court opinions on these matters be filed. Therefore, the Court will order that the government file a supplementary answer, including the following documents:

1. Appellant's Brief and *Pro Se* Supplemental Brief on direct appeal in state court.[1] (*See* Danforth Dec.[2] at ¶ 2.)

2. Danforth's trial court memorandum on re-sentencing issues, Appellant's Brief, and *Pro Se* Appellant's Brief on re-sentencing. (*See id.* at ¶ 3.)

3. Danforth's trial court memorandum on post-conviction relief, Appellate Letter Brief, and Reply Letter Brief on appeal of denial of post-conviction relief. (*See id.* at ¶ 4.)

4. Danforth's trial court memorandum, Appellate Brief, and Reply Brief opposing trial court's bar on contact with former jurors. (*See id.* at ¶ 5.)

5. Danforth's trial court memorandum, Clarifying Letter Brief, Motion for Rehearing, Appellate Brief, and Reply Brief on Motion for Sentence Correction. (*See id.* at ¶ 6.)

6. Minnesota Court of Appeals opinions on Danforth's direct appeal, appeal from denial of post-conviction relief, and appeal from denial of *Apprendi* motion for sentence correction. (*See id.* at ¶ 7.)

7. Minnesota court's re-sentencing order dated May 28, 1996. (*See id.* at ¶ 15, p. 14.)

Certain other requests by Danforth clearly do not fall under the purview of Rule 5. These include a journal article that Danforth believes may have been submitted as part of an appellate brief, (*see id.* at ¶ 15, p. 12-13), several pieces of correspondence, (*see id.* at ¶ 15, p. 13-14), and the report of a polygraphist that was not admitted into evidence, (*see id.* at ¶ 15, p. 14-15). Thus, the government is not required to include these documents with its supplementary answer.

---

[1] This refers to the 50-page version of Danforth's *pro se* brief, not the 206-page version that the Minnesota Court of Appeals refused to accept.

[2] Danforth's declaration was filed along with his motion and is Docket No. 24 in the Court's file.

The rest of the documents that Danforth seeks are transcripts of various proceedings or of video and audio tapes that were entered into evidence at his trial. The Court cannot say that none of these transcripts are necessary to help it determine the merits of Danforth's petition. However, neither is it clear that the transcripts are so essential that the Court must order production of the voluminous number of transcripts that Danforth seeks. Danforth notes that the government has not complied with Rule 5's directive that it "indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed." Rule 5, § 2254 Rules. Therefore, the Court will order the government to include such a statement in its supplementary answer. This will assist both Danforth and the Court in determining which transcripts, if any, must be filed with the Court.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's order dated May 27, 2003 denying petitioner's Motion for Supplementary Transcription, for Expansion of the Record, and for Related Relief [Docket No. 37-1] is **VACATED**.

**2.** Petitioner's Motion for Supplementary Transcription, for Expansion of the Record, and for Related Relief [Docket No. 23] is **GRANTED IN PART as follows:**

**a.** Respondent shall file a supplementary answer, including the following documents:

1. Appellant's Brief and *Pro Se* Supplemental Brief on direct appeal in state court.

2. Danforth's trial court memorandum on re-sentencing issues, Appellant's Brief, and *Pro Se* Appellant's Brief on re-sentencing.

3. Danforth's trial court memorandum on post-conviction relief, Appellate Letter Brief, and Reply Letter Brief on appeal of denial of post-conviction relief.

4. Danforth's trial court memorandum, Appellate Brief, and Reply Brief opposing trial court's bar on contact with former jurors.

5. Danforth's trial court memorandum, Clarifying Letter Brief, Motion for Rehearing, Appellate Brief, and Reply Brief on Motion for Sentence Correction.

6. Minnesota Court of Appeals opinions on Danforth's direct appeal, appeal from denial of post-conviction relief, and appeal from denial of *Apprendi* motion for sentence correction.

7. Minnesota court's re-sentencing order dated May 28, 1996.

**b.** Respondent's supplementary answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed.

DATED: August 14, 2003
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge