**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**United States,** ***ex rel.***
**Stephen Danforth**,

Petitioner,

vs.

**David Crist**, Warden of MCF-Stillwater, and the **Department of Corrections of the State of Minnesota,**

Respondents.

Civil File No. 01-2137 (JRT/RLE)

RECEIVED
BY MAIL
JUL 26 2004
CLERK, US DIST. COURT
ST. PAUL, MN

---

**PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Pursuant to Federal Rules of Civil Procedure, Rules 52(a) and 59(a), Petitioner herein, Stephen Danforth, moves for reconsideration of the District Court's Memorandum and Order Adopting Report and Recommendation, dated July 14, 2004.

In support of this Motion, Petitioner submits the following points, and also appends and incorporates herein: (a) Petitioner's Appendix of Transcript Excerpts and the Declaration of Petitioner pertaining to it, attached hereto; and (b) his Memorandum of Subsequently Discovered Authority. That Memorandum was already virtually complete prior to the Court's current memorandum and Order. However, all authority therein serves as support for this Motion.

SCANNED
JUL 26 2004
U.S. DISTRICT COURT ST. PAUL

## I. Reconsideration Is Required In Light Of Crawford v. Washington.

Of particular note in the appended, supporting Memorandum, *Crawford v. Washington*, 124 S.Ct. 1354 (U.S. Supreme Court, March 8., 2004)( (see: Memorandum, pp. 2-8) has abrogated *Ohio v. Roberts* (and implicitly, its progeny more applicable herein, *Idaho v. Wright*, entirely eradicating the previous confrontation standard for admission of out-of-court statements of unavailable declarants ("indicia of reliability", and "particularized guarantees of trustworthiness", respectively) replacing it with an absolute requirement of a prior opportunity for cross-examination of the declarant.

Because the CornerHouse interview of complainant herein (Claim I.1.A.) served as a substitute for complainant testimony at Petitioner's trial, in principally setting forth the accusation against Petitioner , it is "testimonial" under *Crawford*. Since there was never any opportunity for Petitioner to cross-examine complainant (the declarant), admission of that CornerHouse interview violates *Crawford*.

As discussed a t Memorandum, pp. 4-8, *Crawford* must be deemed either not a "new" rule at all, or if so, must be deemed "watershed" in both paradigm shift and in impact. In either view, *Crawford* carries retroactive effect upon cases such as Petitioner's.

The same analysis applies to Claims I.2., I.3., and I.4. of the Amended Petition, barring those alleged hearsay statements by complainant as well.

Petitioner is contemporaneously moving for leave to amend his petition for writ of habeas corpus to add a claim of violation of *Crawford v. Washington* as to all four of these items of hearsay. This Motion for Reconsideration, insofar as it addresses each of those claims, is apropos, since *Crawford* inexorably enhances each of those claims, even though they originally were reasoned under the pre-existing standard. Petitioner urges that both this Motion for Reconsideration and that Motion for leave to Amend be granted, in light of the profound impact of *Crawford v. Washington*.

## II. Reconsideration Is Also Required In View Of *Blakely v. Washington*.

*Blakely v. Washington*, No. 02-1632, 2004 U.S. lexis 4573 (U.S. Supreme Court, June 24, 2004) (see appended Memorandum, pp. 17-22) also requires reconsideration as to Petitioner's *Apprendi* claim (Claim XI.3.). *Blakely* profoundly supervenes the argument to the applicability herein of *Apprendi* advanced there and in Petitioner's Fifth Incremental Brief, pp. 33-36.

*Blakely* requires that the jury, not the trial judge and only upon proof beyond a reasonable doubt, must decide any fact said to support any sentence that exceeds the presumptive sentence in a 'sentencing guidelines' structure, such as that in Minnesota. *Blakely* clearly spells out that such a presumptive sentence is the "statutory maximum" that a judge may otherwise impose.

Because Petitioner's 316-mionth sentence was a doubling, upward departure from the presumptive sentence dictated by Minnesota's Sentencing Guidelines imposed upon judge-made findings under the standard of mere preponderance of evidence, *Blakely* is clearly violated by that sentence. The appended Memorandum, at pp. 20-22, sets forth five points, each requiring retroactive application of *Blakely* to Petitioner's sentence. These are simply incorporated herein by this reference for brevity.

As with *Crawford*, Petitioner's companion Motion for Leave to Amend seeks to add a further claim to his petition for writ of habeas corpus under the aegis of *Blakely v. Washington*. Petitioner urges that both this Motion for Reconsideration and that Motion for Leave to Amend be granted, in light of the profound paradigm shift and impact wrought by *Blakely v. Washington*.

## III. Reconsideration Is Warranted In Light Of The Other Authority In Petitioner's Memorandum Of Subsequently Discovered Authority Filed Herewith.

Apart from *Crawford v. Washington* and *Blakely v. Washington*, Petitioner's Memorandum Of Subsequently Discovered Authority filed herewith presents a plethora of further authority confirming

the validity of each claim herein addressed in the Memorandum. For brevity, Petitioner simply incorporates herein by this reference all discussions of such further authority cited in that memorandum.

Because those subsequently discovered authorities confirm that each claim discussed in that Memorandum is legally valid and applies to facts alleged in the Amended Petition, reconsideration is warranted, and should be undertaken, and the extant adoption of the Report and Recommendation should be rescinded.

**IV. Reconsideration Is Merited By Petitioner's Appendix Of Transcript Excerpts, Which Support Every Factual Contention For Which They Were Cited In Either the Amended Petition And/Or Petitioner's Briefing Herein.**

By separate cover, Petitioner is simultaneously filing Petitioner's Appendix Of Transcript Excerpts. As the Declaration of Petitioner, filed herewith, explains, Petitioner has not previously been able, during the pendency of this habeas corpus proceeding, to compile Petitioner's Appendix of Transcript Excerpts, both due to prison restrictions on inmate possessions, and because of limited funds. Conversely, Respondents, who possessed all such transcripts at all relevant times, could have provided these excerpts to the Court at any time, but refrained from doing so. Petitioner did move the Court to compel Respondents to provide same, but that motion has been denied. Hence, the current filing of Petitioner's Appendix of transcript Excerpts is made at Petitioner's first opportunity to do so.

It is not clear from the Order dated July 14, 2004 what exact rationale was employed in the adoption of the Report and Recommendation as to any given claim in the Amended Petition. However, because these transcript excerpts support each claim (as specified by the table at the outset of that Appendix, correlating all transcript citations in the Amended Petition and Petitioner's briefing herein as to the validity of the Amended Petition's claims), it is now clear within the record herein that the "findings" of the Magistrate Judge in his Report and Recommendation are indeed "inaccurate." To the

contrary, these transcript excerpts, respectively, establish the facts as pled by the Amended Petition, and as thereafter argued with transcript citation by Petitioner's Incremental Briefs addressing each claim.

The proof of the facts alleged in the Amended Petition's respective claims requires reconsideration of the Report and Recommendation, and in particular its "findings", which incorrectly merely assumed the contrary as to each fact now thus proven.

## CONCLUSION

Based upon the foregoing, and supported by the attached Memorandum of Subsequently Discovered Authority, the Declaration of Petitioner, and Petitioner's Appendix of Transcript Excerpts, Petitioner urges the Court to reconsider its Memorandum and Order dated July 14, 2004, and to rescind its adoption of the Report and Recommendation of the Magistrate Judge, and thus to allow this case to proceed to factual hearing.

Dated: July 22, 2004.

Steve Danforth
Stephen Danforth, Petitioner, *pro se*
970 Pickett St. N. - 147636
Bayport, Mn 55003-1490
Tel.: (651) 779-2700

Stephen Danforth
970 Pickett St., N. - 147636
Bayport, MN 55003-1490

RECEIVED
BY MAIL
JUL 26 2004
CLERK, US DIST. COURT
ST. PAUL, MN

July 22, 2004

Mr. Francis E. Dosal,
Clerk of Court
United States District Court
700 Federal Building
316 N. Robert Street
St. Paul, MN 55101-1460

RE: United States, ex rel Stephen Danforth v. David Crist, et al, No. 01-2137 (JRT/RLE): Petitioner's motions for reconsideration and for leave to amend

Dear Mr. Dosal:

I enclose four originals of each of the following documents: (1) Motion for Reconsideration of the Memorandum and Order dated July 14, 2004, adopting the Report and Recommendation of Magistrate Judge Erickson; (2) Memorandum of Subsequently Discovered Authorities in support thereof; (3) Motion for Leave to Amend the petition for writ of habeas corpus herein to add two claims, respectively based upon Crawford v. Washington and Blakely v. Washington; and (4) Declaration of Petitioner as to inability to file Petitioner's Appendix of Transcript Excerpts previously. I also enclose a Declaration of Service as to all of these documents.

Please also be advised that Petitioner's Appendix of Transcript Excerpts, in connection with said Motion for Reconsideration, either has already arrived, or will imminently arrive, by way of filing, together with Affidavit of Service as to same.

Please join that Appendix with said Motion, file all five documents, and bring them to the attention of Judge Tunheim. Thank you.

Sincerely,

Stephen Danforth

encl. (4)