**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**United States,** ***ex rel.***
**Stephen Danforth,**

Civil File No. 01-2137 (JRT/RLE)

Petitioner,

vs.

RECEIVED
BY MAIL
JUL 26 2004
CLERK, US DIST. COURT
ST. PAUL, MN

**David Crist**, Warden of MCF-Stillwater, and the **Department of Corrections of the State of Minnesota,**

Respondents.

---

**<u>PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS</u>**

---

Petitioner herein, Stephen Danforth, hereby moves for leave to amend the Petition for Writ of Habeas Corpus herein to add two additional claims, sounding, respectively, in the recent United States Supreme Court cases of this Term: *Crawford v. Washington*, 124 S.Ct. 1354 (U.S. Supreme Court, March 8., 2004); and *Blakely v. Washington*, No. 02-1632, 2004 U.S. Lexis 4573 (U.S. Supreme Court, June 24, 2004).

In support of this Motion, Petitioner appends hereto, and incorporates herein by this reference pages 2-8 and 17-22 of his Memorandum of Subsequently Discovered Authority, addressing each of those two cases and their effect herein.

*Crawford v. Washington* has abrogated *Ohio v. Roberts* (and implicitly, its progeny more applicable herein, *Idaho v. Wright)*, entirely <u>eradicating</u> the previous confrontation standard for

SCANNED
JUL 26 2004
U.S. DISTRICT COURT ST. PAUL

admission of out-of-court statements of unavailable declarants ("indicia of reliability"/"particularized guarantees of trustworthiness") replacing it with an absolute requirement of a prior opportunity for cross-examination of the declarant.

Because the CornerHouse interview of complainant herein (Claim I.1.A.) served as a substitute for complainant testimony at Petitioner's trial, in principally setting forth the accusation against Petitioner, it is "testimonial" under *Crawford*. Since there was never any opportunity for Petitioner to cross-examine complainant (the declarant), admission of that CornerHouse interview violates *Crawford*.

As discussed at Memorandum, pp. 4-8, *Crawford* must be deemed either not a "new" rule at all, or if so, must be deemed "watershed" in both paradigm shift and in impact. In either view, Crawford carries retroactive effect upon cases such as Petitioner's.

The same analysis applies to Claims I.2., I.3., and I.4., of the Amended Petition, barring those alleged hearsay statements by complainant as well.

The proposed, additional claim sounding under *Crawford* will assert *Crawford*'s application herein.

*Blakely v. Washington* requires that the jury, not the trial judge, and only upon proof beyond a reasonable doubt, must decide any fact said to support <u>any</u> sentence that exceeds the presumptive sentence in a 'sentencing guidelines' structure, such as that in Minnesota. *Blakely* clearly spells out that such a presumptive sentence <u>is</u> the "statutory maximum" that a judge may otherwise impose.

Because Petitioner's 316-month sentence was a doubling, upward departure from the presumptive sentence dictated by Minnesota's Sentencing Guidelines that can be imposed upon judge-made findings under the standard of mere preponderance of evidence, *Blakely* is clearly violated by that sentence. The appended Memorandum, at pp. 20-22, sets forth five points, each requiring retroactive application of *Blakely* to Petitioner's sentence. These are simply incorporated herein by this reference for brevity.

The proposed, additional claim sounding under *Blakely* will assert *Blakely*'s application herein directly and independently of the earlier *Apprendi* decision.

**CONCLUSION**

Based upon the foregoing, and supported by the attached Memorandum of Subsequently Discovered Authority, Petitioner urges the Court to grant leave to Petitioner to amend the Petition for Writ of Habeas Corpus herein.

Dated: July 22, 2004.

Stephen Danforth, Petitioner, *pro se*
970 Pickett St. N. - 147636
Bayport, Mn 55003-1490
Tel.: (651) 779-2700