**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH,

Petitioner,

v.

DAVID CRIST, Warden; and the MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondents.

Civil No. 01-2137 (JRT/RLE)

**ORDER**

---

Stephen Danforth #147636, Minnesota State Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, petitioner *pro se*.

Michael K. Walz, OFFICE OF THE HENNEPIN COUNTY ATTORNEY, A-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487 and Thomas R Ragatz, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondents.

This Court issued an Order Adopting the Report and Recommendations of the Magistrate Judge and dismissed petitioner's Motion for Writ of Habeas Corpus on July 14. Pursuant to the Court's July 14 Order, the Clerk of Court entered judgment on July 15. Petitioner was mailed a copy of this Court's Order, notification of the judgment, and instructions for appealing the judgment.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment anytime within 10 days of judgment being entered. Rule 6 provides that the day judgment is entered and, because the allotted time period is less than 11 days,

weekend days are not counted. Fed. R. Civ. P. 6(a). Thus, petitioner had until July 29 to timely file a motion under Rule 59 to alter or amend the Court's judgment. Petitioner filed such a motion on July 26.

If a party timely files in the district court a motion to alter or amend judgment under Rule 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(iv). Thus, petitioner's time to file an appeal will begin to run from the day following the date on which this Court enters an order disposing of petitioner's Rule 59 motion.[1] *See Jackson v. Schoemehl*, 788 F.2d 1296, 1298 (8th Cir. 1986). Because this timeline is explicitly provided for in the Rule, the Court need not order an extension of time. The Court will therefore deny petitioner's motion as moot.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's Motion for Extension of Time to File Notice of Appeal [Docket No. 70] is **DENIED AS MOOT**.

DATED: August 5, 2004
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

[1] The Court notes that although petitioner explicitly based his motion on Rule 59, the motion was styled a Motion for Reconsideration, which is often brought under Rule 60. This distinction is of no moment, however, since Appellate Rule 4(a)(4(A)(vi) provides that the time to appeal shall begin to run from the entry of an order disposing of a motion "for relief under Rule 60 is the motion if filed no later than 10 days after the judgment is entered." As noted above, petitioner's motion was filed within 10 days of the entry of judgment.