**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH, Civil No. 01-2137 (JRT/RLE)

Petitioner,

v. **ORDER**

DAVID CRIST and MINNESOTA
DEPARTMENT OF CORRECTIONS,

Respondents.

---

Stephen Danforth #147636, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, petitioner *pro se*.

Michael K. Walz, Assistant Hennepin County Attorney, OFFICE OF THE HENNEPIN COUNTY ATTORNEY, A-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487; and Thomas R. Ragatz, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondents.

Petitioner Stephen Danforth was convicted of first-degree criminal sexual conduct in Minnesota state court and is serving a 316-month sentence at the Minnesota State Correctional Facility-Stillwater. Petitioner's appeals and post-conviction motions were denied by the Minnesota courts. Petitioner then petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This Court adopted the Report and Recommendation of the Magistrate Judge over the objections of the petitioner, and dismissed the petition with prejudice. Petitioner filed a "Motion for Reconsideration" of this Court's Order dismissing the petition along with a twenty-seven page memorandum in support of that

motion. The Local Rules of this District prohibit motions to reconsider, unless expressly permitted by the court, and require a party wishing to file such a motion to first request permission of the court by letter. D. Minn. L.R. 7.1(g); *see also* D. Minn. L.R. 7.1(f) (prohibiting the filing of unsolicited memoranda). The Court will therefore construe petitioner's motion as a request for permission to file a motion for reconsideration. For the following reasons, the Court grants in part and denies in part petitioner's motion.

Permission to file a motion to reconsider will be granted upon a showing of compelling circumstances. D. Minn. L.R. 7.1(g). "A motion to reconsider should not be employed to relitigate old issues, but to 'afford an opportunity for relief in extraordinary circumstances.'" *Arnold v. Cargill Inc.*, 2004 WL 2331814, at *1 (D. Minn. Oct. 13, 2004) (*quoting Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993)). Furthermore, "[a] motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Petitioner asserts that reconsideration is required in light of two recent United States Supreme Court cases, *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004) and *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). Additionally, petitioner encourages the Court to reconsider its order based on numerous additional authorities and excerpts from his trial transcript that, according to petitioner, support the arguments petitioner has previously made in support of his petition for writ of habeas corpus.

In *Crawford*, the United States Supreme Court abrogated the rule of *Ohio v. Roberts*, 448 U.S. 56 (1980), which permitted admission of an unavailable witness's

statement against a criminal defendant if the statement bears adequate indicia of reliability. *Crawford*, 124 S. Ct. at 1357. The Supreme Court held that the Confrontation Clause requires that "[t]estimonial statements of witnesses absent from trial [be] admitted only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 1369.

Petitioner was accused of sexual abuse by a young boy. After interviewing the child privately, the trial judge determined that the child was unavailable to testify. However, applying the *Roberts* standard, the judge determined that a videotaped interview of the child done at CornerHouse Interagency Child Abuse Evaluation and Training Center ("CornerHouse") demonstrated sufficient indicia of reliability and admitted the videotape at trial. In the interview, the child clearly indicated that the petitioner had sexually abused him.

The Supreme Court did not clearly define the term testimonial in the *Crawford* opinion. However, the Eighth Circuit recently found that a videotaped interview very similar to the CornerHouse interview was testimonial. *United States v. Bordeaux*, – F.3d –, 2005 WL 517003, *4-6 (8th Cir. Mar. 7, 2005). The petitioner did not have an opportunity to cross-examine the child. Thus, if the CornerHouse interview was testimonial, then, under *Crawford*, the CornerHouse interview should not have been admitted at trial.

However, the petitioner is only entitled to relief under *Crawford* if the rule articulated therein applies retroactively. The courts that have addressed this question have come to varying conclusions. *See, e.g.*, *Bockting v. Bayer*, --F.3d--, 2005 WL 406284 (9th Cir. Feb. 22, 2005) (finding *Crawford* retroactive); *Mungo v. Duncan*, 393

F.3d 327 (2d Cir. 2004) (finding *Crawford* not retroactive); *Brown v. Uphoff*, 381 F.3d 1219 (10th Cir. 2004) (finding *Crawford* not retroactive). Furthermore, in the event that admission of the videotape was error, and *Crawford* applies retroactively, the petitioner is entitled to relief only "if the errors were not 'so unimportant and insignificant that they may . . . be deemed harmless.'" *Id.* at *10-11 (*quoting Chapman v. California*, 386 U.S. 18, 22 (1967)). Resolution of this question depends on a highly fact specific determination of "what effect [the constitutional error] had upon the guilty verdict in the case at hand." *Id.* (*quoting Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993)).

Based on the difficult and complicated nature of these issues, and the impact that their resolution may have on this case, the Court finds that the United States Supreme Court's decision in *Crawford* presents compelling circumstances warranting reconsideration of the petitioner's claim that his Confrontation Clause rights were violated by the admission at trial of the videotaped CornerHouse interview. The Court therefore grants the petitioner permission to file a motion for reconsideration of the Court's previous determination that petitioner's Confrontation Clause rights were not violated by the admission at trial of the videotape of the CornerHouse interview. The petitioner must file such a motion with the Court within thirty days of this Order. The Court will consider the petitioner's previous submissions, to the extent that they address this issue, in support of the motion. The petitioner may, but is not required to, submit up to ten pages of additional briefing on this question, also within thirty days of this Order.

The Court has also reviewed the petitioner's additional asserted grounds for requesting permission to move for reconsideration and finds that none demonstrate a compelling reason to permit reconsideration. This Court and the Minnesota courts have

held that *Blakely* does not apply retroactively to cases on collateral review. *State v. Petschl*, --N.W.2d--, 2004 WL 3131308 (Minn. Ct. App. Nov. 23, 2004); *Rodriguez v. United States*, Crim. No. 00-276 (JRT) (D. Minn. Mar. 8, 2005). Furthermore, the additional authorities and transcript excerpts are submitted in support of arguments already raised to the Court and, therefore, serve only to relitigate old issues. Thus, these additional citations do not provide a basis for reconsideration. *See Arnold*, 2004 WL 2331814, at *1. Therefore, the petitioner's request for permission to move for reconsideration is denied with respect to all arguments other than the possible application of *Crawford* to petitioner's case.

The petitioner has also moved to amend his petition for writ of habeas corpus to include claims under *Crawford* and *Blakely*. The United States Supreme Court's decision in *Crawford* does not provide a basis for a new claim. Rather, as discussed above, it may provide a new standard under which to analyze petitioner's existing Confrontation Clause claim. The Court is granting petitioner's motion to reconsider its Order with respect to that claim. Therefore, petitioner does not need to amend his petition for this Court to consider the possible impact of *Crawford* on that claim. Furthermore, as discussed above, any claim raised under *Blakely* would necessarily fail. The Court therefore denies the petitioner's motion for leave to amend his petition for writ of habeas corpus.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **GRANTS IN PART and DENIES IN PART** petitioner's motion for reconsideration [Docket No. 65] as follows:

1. The Court **GRANTS** the petitioner permission to file a motion for reconsideration of the Court's previous determination that petitioner's Confrontation Clause rights were not violated by the admission at trial of the videotape of the CornerHouse interview based on *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). The petitioner must file such a motion with the Court within thirty days of this Order. The Court will consider the petitioner's previous submissions, to the extent that they address this issue, in support of the motion. The petitioner may, but is not required to, submit up to ten pages of additional briefing on this question, also within thirty days of this Order.

2. The respondent is ordered to respond to petitioner's motion within sixty days of this Order.

3. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to amend petition for writ of habeas corpus [Docket No. 67] is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED: March 18, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge