RECEIVED
BY MAIL
APR 19 2005
CLERK, US DIST. COURT
ST. PAUL, MN

United States District Court

District of Minnesota

United States, ex rel.
Stephen Danforth,

Petitioner,

vs.

David Crist, Warden of MCF-Stillwater, and the
Department of Corrections of
the State of Minnesota,

Respondents.

Civil File No. 01-2137 (JRT/RLE)

PETITIONER'S MOTION TO RECONSIDER, PURSUANT TO MARCH 18, 2005 ORDER

Pursuant to the District Court's Order dated March 18, 2005, Petitioner herein, Stephen Danforth, moves for reconsideration, in light of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), of Petitioner's claim that his Confrontation Clause rights were violated by the admission at trial of the videotaped CornerHouse interview of the non-testifying complainant.

The bases for this Motion are as follows:

(1) Under Crawford v. Washington, Petitioner's right to confrontation is clearly transgressed by admission of that videotaped interview of the non-testifying complainant;

(2) Crawford v. Washington is not "new", for purposes of retroactivity analysis under Teague v. Lane, 489 U.S. 288, 307, 109 S.Ct. 1060 (1989);

(3) Even if "new" under Teague, the rule stated in Crawford v. Washington holds the status of a "watershed" rule under Teague, and one "without which the likelihood of an accurate conviction is seriously

U.S. DISTRICT COURT ST. PAUL
4.19.05
~~APR 18 2005~~
SCANNED

diminished," as stated in Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519 (2004);

(4) The Teague provision for retroactivity for "watershed" rules applies in the context of habeas corpus claims under the AEDPA;

(5) Even if Crawford v. Washington were "new", but not "watershed", enforcement of the Teague bar on retroactivity would be inequitable herein, since Petitioner argued during his direct appeal for the very per se exclusion later declared by Crawford to be the law as to confrontation; and

(6) That CornerHouse interview was a critical item of evidence, and its admission therefore cannot be deemed harmless beyond a reasonable doubt, under Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827 (1999).

This motion is supported by Petitioner's previous submissions, including his previously filed motions for reconsideration and to amend the petition to add this Crawford claim, and also particularly: (a) Petitioner's Memorandum of Subsequently Discovered Authority, etc. (dated July 22m 2004), pp. 2-9; and (b) "Petitioner's status update" letter to District judge Tunheim dated Dec. 16, 2004, pp. 1-3; and also by Petitioner's Brief in Support Of Motion To Reconsider, Under Crawford v. Washington, filed herewith, and by each document of record herein cited therein in support of actual harmfulness of the Crawford violation.

Therefore, Petitioner urges the District Court to reconsider Petitioner's claim that his Confrontation Clause rights were violated by the admission at trial of the videotaped CornerHouse interview of the non-testifying complainant, in light of Crawford v. Washington, supra, and to hold Crawford v. Washington applicable to this case, and to hold that Petitoner's confrontation

rights were violated under Crawford, and to find said violation not to be harmless beyond reasonable doubt, and for these reasons, to grant Petitioner's Petition for Writ of Habeas Corpus.

Dated: April 16, 2005.

Stephen Danforth
970 Pickett St., N. - 147636
Bayport, MN 55003-1490
Tel.: (651) 779-2700

Stephen Danforth
970 Pickett St., N. - 147636
Bayport, MN 55003-1490

RECEIVED
BY MAIL
APR 19 2005
CLERK, US DIST. COURT
ST. PAUL, MN

April 16, 2005

Mr. Francis E. Dosal,
Clerk of Court
United States District Court
700 Federal Building
316 N. Robert Street
St. Paul, MN 55101-1460

RE: United States, ex rel. Stephen Danforth v. David Crist, et al, No. 01-2137 (JRT/RLE): Petitioner's Motion to Reconsider and supporting Brief, per Order dated March 18, 2005

Dear Mr. Dosal:

I enclose four originals of: (1) Petitioner's Motion To Reconsider, Pursuant to March 18, 2005 Order; and (2) Petitioner's Brief In Support Of Motion To Reconsider, Under Crawford v. Washington. I also enclose two originals of a Declaration of Service as to those two documents.

Please bring this filing to the attention of Judge Tunheim. Thank you.

Sincerely,

Steve Danforth

Stephen Danforth, J.D.

encl.

RECEIVED
BY MAIL
APR 19 2005
CLERK, US DIST. COURT
ST. PAUL, MN

United States District Court

District of Minnesota

United States, ex rel.
Stephen Danforth,

Petitioner,

vs.

David Crist, Warden of MCF-Stillwater, and the Department of Corrections of the State of Minnesota,

Respondents.

Civil File No. 01-2137 (JRT/RLE)

DECLARATION OF SERVICE

Stephen Danforth, Petitioner herein, as an incarcerated individual, and in the absence of immediately available notary public service, hereby declares upon penalty of perjury that the following is true and accurate:

On April 16, 2005, he served a copy of: (1) Petitioner's Motion To Reconsider, Pursuant To March 18, 2005 Order; and (2) Petitioner's Brief in Support Of Motion To Reconsider, Under Crawford v. Washington upon counsel for Respondents by placing said documents in each of two envelopes, and depositing both of said envelopes into the outgoing institutional mail system at his place of incarceration, with presumptive standing direction to affix First Class postage and to deposit said envelopes into the United States Postal Service mail system, addressed as follows:

Asst. Attorney General Thomas Ragatz
475 Minnesota Street, Suite 1800
St. Paul, MN 55101

Asst. County Attorney Michael K. Walz
C-2000 Government Center
300 S. Sixth St.
Minneapolis, MN 55487

April 16, 2005.

Stephen Danforth