United States District Court

District of Minnesota

RECEIVED BY MAIL
MAY 3 1 2005
CLERK, US DIST. COURT ST. PAUL, MN

United States, ex rel. Stephen Danforth,

Petitioner,

vs.

David Crist, et al,

Respondents.

Civil File No. 01-2137 (JRT/RLE)

PETITIONER'S REPLY BRIEF UNDER CRAWFORD v. WASHINGTON

## INTRODUCTION

In this case, Petitioner's Brief in Support of Motion to Reconsider, Under Crawford v. Washington has already been filed. Petitioner has now received: (a) State's Answer to Petition for Writ of Habeas Corpus; and (2) State's Memorandum, dated May 17, 2005. This Reply Brief is confined to matters in response to inaccurate assertions made in said State's Memorandum.

## REPLY ARGUMENT

### I. Inaccurate Assertions Concerning The Legal Merits

First, Respondents assert (State's Memorandum, p. 6) that only two different rules (i.e., not including the right to confrontation) "have ever been applied retroactively." On the contrary, in at least two instances, the Supreme Court held new rules under the Confrontation Clause itself to possess retroactivity. Roberts v. Russell, 392 U.S. 293, 294, 20 L.Ed.2d 1100, 88 S.Ct. 1921 (1968); Berger v. California, 393 U.S. 314, 21 L.Ed.2d 508, 89 S.Ct. 540

SCANNED
MAY 3 1 2005
U.S. DISTRICT COURT ST. PAUL

(1969). Cases in other courts have acknowledged retroactivity of confrontation violation decisions as well. See discussion in People v. Watson, 2004 N.Y.Misc.LEXIS 2133, **20-23 (Supr. Ct. New York Cty., Nov. 8, 2004). Watson specifically concluded that Crawford v. Washington possessed 'watershed' status, and hence is retroactively applicable.

Second, contrary to Respondent's argument, Evans v. Luebbers, 371 F.3d 438 (8th Cir., June 10, 2004) did not hold that Crawford v. Washington was non-retroactive. Only in passing, Evans simply expressed "doubt" ("does not appear") as to Crawford's retroactivity (Id, p. 444). This was mere dictum. Evans actually held that Crawford did not substantively apply to the non -testimonial statements in Evans (Id, p. 445).

The mere obiter dictum status of the offhand comment as to retroactivity in Evans has recently been confirmed by Ferguson v. Roper, 400 F.3d 635, 2005 U.S.App.LEXIS 4177 8th Cir., March 14, 2005). At footnote 3, Ferguson only reiterated this craven conditional "does not appear" verbiage. In so doing, however, Ferguson, ibid, expressly disavowed any holding as to Crawford retroactivity. ("We need not decide the question in this case." Ibid, footnote 3.)

Clearly then, retroactivity of Crawford v. Washington is an open question in this Circuit.

The State's Memorandum, p. 6, quotes from Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004). Petitioner's Brief etc., at p. 6, has already aptly discredited Brown's faulty assumption that watershed status can never be accorded to new rules that fall under the harmless error standard of review, and Petitioner simply stands upon that argument without reiteration.

Other than upon Brown, though, Ferguson relied in footnote 3 only upon the unpublished Ninth Circuit decision, Hiracheta v. Attorney General of

California, 105 Fed. Appx. 937 (9th Cir. 2004). Hiracheta is now necessarily overruled by Bockting v. Bayer, ___ F.3d ___, 2005 WL 406284, 2005 U.S.App.LEXIS 3012 (9th Cir., Feb. 22, 2005, discussed in Petitioner'sbrief, supra, at pp. 4-5). Apparently, Bockting was issued too late to catch the attention of the panel in Ferguson v. Roper. Because the doubts echoed in Ferguson failed to account for Bockting, it is clear that there has been no current, full consideration of the retroactivity of Crawford in this Circuit.

Petitioner otherwise stands upon his arguments for retroactivity of Crawford v. Washington advanced in his previously filed Petitioner's Brief, etc., supra. Based thereupon, and upon the responsive points above, Petitioner again urges the Court to hold that Crawford v. Washington applies in this case.

## II. Incorrect Factual Assertions Concerning Harmfulness

Factually, contrary to Respondents' flip mischaracterization, complainant's account given in the CornerHouse interview that comprised the main (but not the only) confrontation violation herein was not "substantially similar information [as given] to the police" initially. On the contrary, as described in Petition, Claim I.1.B.. ¶36(b). pp. 23-4, complainant's CornerHouse version of the accusation could not have been more inconsistent from the prior version given to police as to sexual acts alleged.

In single-sentence summary, each account identified only mutually exclusive sexual acts, and contained a specific disclaimer of any other sexual conduct, such as that alleged in the opposing statement. (See full discussion at Petition, ¶36(b), supra; compare: Trial Tr., Vol. II, pp. 415, 436; Vol. III, p. 486; cf.: Voir Dire Tr., Vol. I, p. 1111; CornerHouse videotape [Plaintiff's Exh. 1].)

In part, it was this very inconsistency which caused the trial court to rule that complainant's alleged hearsay statements to his mother, to Off. Castilleja, and to psychologist Cotter could not be considered as substantive evidence of guilt, limiting the theory of conviction to the acts alleged in the CornerHouse interview. (Petition, ibid; Trial Tr., Vol. V, p. 97; and Petitioner's addendum letter to District court, dated April 17, 2005).

Beyond such non-substantive, alleged statements, there was only the ambiguous testimony of complainant's sister as to someone she declared was not present in the courtroom (Trial Tr., Vol. III, p. 543), while Petitioner sat alone in plain view at counsel table (the judge having cleared the courtroom during the sister's testimony; see: Petition, Claim III.7., ¶5, pp. 87-8).

Hence, contrary to Respondent's contention, except for this exonerative testimony, upon which no conviction could ever rest (see Olesen v. Class, 164 F.3d 1096 [8th Cir. 1999]), the only substantive evidence was the C Crawford-violating, videotaped interview of complainant. Clearly then, without testimony by complainant in compliance with Crawford's requirement, the likelihood of accuracy in Petitioner's conviction, resting effectively solely on that CornerHouse interview, was seriously diminished.

Beyond these responsive points of pertinent fact, Petitioner refers the Court to the analysis in his previous brief of the practical harmfulness of the Crawford violation presented herein, and Petitioner again urges the Court to find that, to the extent that harmfulness of that violation is required, such harmfulness is abundantly clear herein, such that the Chapman standard of harmlessness beyond reasonable doubt cannot be satisfied by the prosecution.

## CONCLUSION

As additionally based upon the foregoing, as well as upon Petitioner's previous brief, Petitioner asks the Court to hold the Crawford v. Washington confrontation requirement to apply herein, and to find that that requirement was violated herein, and that that violation has not been, and cannot be proved harmless beyond reasonable doubt, and hence to grant the Petition for Writ of Habeas Corpus herein, based on said violation.

Respectfully submitted,

Stephen Danforth
Petitioner, pro se
970 Pickett St., N. - 147636
Bayport, MN 55003-1490
Tel.: (651) 779-2700

Stephen Danforth
970 Pickett St., N. - 147636
Bayport, MN 55003-1490

RECEIVED
BY MAIL
MAY 3 1 2005
CLERK, US DIST. COURT
ST. PAUL, MN

May 26, 2005

Clerk of Court Francis Dosal
Hon. District Judge John R. Tunheim
United States District Court
700 Federal Building
316 N. Robert St.
St. Paul, MN 55101

RE: United States ex rel. Stephen Danforth v. David Crist, et al., No. 01-2137 (JRT/RLE): Petitioner's Reply Brief

Dear Clerk Dosal and Judge Tunheim:

I enclose four originals of my reply brief on the Crawford v. Washington issue, and of this letter, and two originals of a Declaration of Service as to both of same.

To the extent that a motion for leave to file same is required, please consider this letter to constitute such motion.

Thank you.

Sincerely,

[signature]

Stephen Danforth, J.D.

encl. (2)

cc: asst. Attorney General Thomas Ragatz
Hennepin County Attorney Amy Klobuchar

FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS FIRST CLASS

**NOTICE:** Mailed from a **MN CORRECTIONAL FACILITY**
Name: Stephen Danforth
OID#: 147636
Address: 970 Pickett St. N.
City/State/Zip: Bayport, MN 55003-1490

Minnesota Correctional Facility – Stillwater

UNITED STATES POSTAGE PITNEY BOWES
02 1A
0004328506
$ 01.52⁰
MAY 27 2005
MAILED FROM ZIP CODE 55003

Legal Mail

# FIRST CLASS MAIL

RECEIVED
BY MAIL
MAY 31 2005
CLERK, US DIST. COURT
ST. PAUL, MN

Clerk of Court
United States District Court
700 Federal Building
316 N. Robert St.
St. Paul, MN 55101