**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

STEPHEN DANFORTH,

Petitioner,

v.

DAVID CRIST and MINNESOTA DEPARTMENT OF CORRECTIONS,

Respondents.

Civil No. 01-2137 (JRT/RLE)

**ORDER**

Stephen Danforth #147636, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, petitioner *pro se*.

Michael K. Walz, Assistant Hennepin County Attorney, **OFFICE OF THE HENNEPIN COUNTY ATTORNEY**, A-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487; and Thomas R. Ragatz, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondents.

Petitioner Stephen Danforth ("Danforth") was convicted of first-degree criminal sexual conduct in Minnesota state court and is serving a 316-month sentence at the Minnesota State Correctional Facility-Stillwater. After exhausting his state court appeals, Danforth petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This Court initially denied Danforth's petition, but then granted him permission to move for reconsideration on the limited question of the retroactive applicability of *Crawford v.*

*Washington*, 541 U.S. 36 (2004). For the following reasons, the Court finds *Crawford* inapplicable to this case and, accordingly, denies Danforth's motion for reconsideration.

**BACKGROUND**

"J.S.," a six-year-old boy, accused petitioner of sexual abuse. J.S. was interviewed at the CornerHouse Interagency Child Abuse Evaluation and Training Center ("CornerHouse") on August 23, 1995 about the allegations. During the videotaped interview, J.S. clearly indicated that the petitioner had sexually abused him. Danforth was not able to question J.S. during the interview.

During the subsequent trial, Danforth, urged the court to find J.S. incompetent to testify and to find the recorded CornerHouse interview inadmissible at trial. On the day that J.S. was scheduled to testify, the court held a hearing to determine whether J.S. was competent to testify. After interviewing the children privately, the trial judge determined that J.S. was incompetent, and therefore, unavailable to testify. "[T]he district court thoughtfully opined that J.S. had an ability to know and remember the truth, but that J.S. was not capable of paying attention long enough to communicate meaningfully to the jury in a trial setting." *State v. Danforth,* 573 N.W.2d 369, 376 (Minn. Ct. App. 1997). Applying the *Ohio v. Roberts*, 448 U.S. 56 (1980), standard, the trial judge determined that the recorded CornerHouse interview demonstrated sufficient indicia of reliability to admit the videotape at trial. The court noted that J.S.'s "remarks appeared spontaneous and largely unsolicited by leading questions and that J.S. lacked any apparent motivation to fabricate the accusation." *State v. Danforth,* 573 N.W.2d at 372.

Currently before the Court is Danforth's motion for reconsideration of the Court's previous denial of his petition for writ of habeas corpus based on *Crawford v. Washington*.

## ANALYSIS

### I. CONFRONTATION CLAUSE

The Sixth Amendment Confrontation Clause provides a right to confront witnesses against the accused. U.S. Const. Amend. VI. The Supreme Court has emphasized that this right reflects a preference for confrontation at trial and cross-examination. *Ohio v. Roberts,* 448 U.S. 56, 63 (1980). Hearsay evidence is therefore generally excluded from criminal prosecutions. Fed. R. Evid. 802.

Until recently, the Supreme Court interpreted the Confrontation Clause to permit the admission of hearsay testimony only where the declarant is unavailable, and where the declarant's statements bear adequate indicia of reliability. *Roberts*, 448 U.S at 66. Such indicia could be inferred where the evidence fell within a firmly rooted hearsay exception or showed particularized guarantees of trustworthiness. *Id*. Following *Ohio v. Roberts*, courts have expanded upon the Supreme Court's "particularized guarantees of trustworthiness" language to admit a wide range of statements made under varying circumstances. *See Crawford*, 541 U.S. at 63-65 (listing cases admitting testimonial evidence based on the particularized guarantees of trustworthiness exception).

*Crawford v. Washington* abrogated *Ohio v. Roberts* with regard to the admissibility of testimonial hearsay statements. *See Brown v. Uphoff*, 381 F.3d 1219

(10th Cir. 2004); *Evans v. Luebbers*, 371 F.3d 438 (8th Cir. 2004); *Danforth v. Crist*, 2005 WL 1041491 at *2 (D. Minn. Mar. 18, 2005). In *Crawford*, the Supreme Court held that the Confrontation Clause bars the introduction of testimonial hearsay statements unless (1) the witness is unavailable to testify, and (2) the defendant has had a prior opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 59.

The CornerHouse interview admitted at Danforth's trial was testimonial for purposes of *Crawford*. *See United States v. Bordeaux,* 400 F.3d 548 (8th Cir. 2005) (finding that a videotaped interview very similar to the CornerHouse interview was testimonial). As J.S. was unavailable to testify at trial, and as Danforth had no prior opportunity to cross-examine J.S. about his statements, if Danforth's case were tried today, the CornerHouse interview would be inadmissible under *Crawford*.

## II. RETROACTIVITY

The *Crawford* decision was issued more than five years after Danforth's conviction became final and, therefore, can have no effect on Danforth's case unless the holding has retroactive application to cases on collateral review. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Procedural rules, such as the rule enunciated in *Crawford*, however, do not apply retroactively to cases on collateral review unless the rule fits one of the exceptions defined by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989). *See Schriro v. Summerlin,* 542 U.S. 348, 124 S. Ct. 2519, 2523 (2004) ("[R]ules that regulate only the *manner of determining* the defendant's culpability are procedural" and generally are not retroactive) (emphasis in original); *Bousley v. United States*, 523 U.S.

614, 620 (1998)). Under *Teague* only new, watershed procedural rules will apply retroactively. *Teague,* 489 U.S. at 311.

**A. *Crawford* States A New Rule**

Under *Teague*, the Court must first determine whether *Crawford* announces a new rule. *Id.* at 301. "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Id; see also Beard v. Banks*, 542 U.S. 406, 124 S. Ct. 2504, 2511 (2004) (stating that the Court announces a new rule when the rule announced "was [not] dictated by then-existing precedent") (quotations omitted) (citations omitted).

Danforth argues that *Crawford* does not state a new rule. There is some support for this view. *See Bockting v. Bayer*, 399 F.3d 1010, 1012 (9th Cir. 2005) (Noonan, J., concurring) (stating that *Crawford* merely announced a correction of a misinterpretation in *Ohio v. Roberts* and does not itself create a new rule); *see also Richardson v. Newland*, 342 F. Supp. 2d 900, 924 (E.D. Cal. 2004) (stating that *Crawford* merely "reaffirmed and clarified procedures that had long been in place"). This Court, however, is persuaded that *Crawford* states a new rule.

*Crawford* reaffirmed the narrow, fact-based application of the holding of *Ohio v. Roberts* that testimonial hearsay statements subject to cross-examination or the equivalent are admissible. More importantly, however, *Crawford* overruled *Ohio v. Roberts*'s broader holding that statements could be admitted pursuant to a court's finding of adequate indicia of reliability. The Supreme Court found that "[a]dmitting statements

deemed reliable by a judge is fundamentally at odds with the right to confrontation" and determined that "[w]here testimonial statements are at issue, the *only* indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford,* 541 U.S. at 61, 68-69 (emphasis added). This holding states a new rule because it creates new obligations not dictated by precedent, namely, that testimonial hearsay statements may not be admitted simply because the trial judge deems them trustworthy, but, rather, must be tested through cross-examination. *See Bockting,* 399 F. 3d at 1019 (stating that *Crawford* announces a new rule); *Uphoff,* 381 F.3d 1219 (stating that the logic of the *Roberts v. Ohio* test is inconsistent with *Crawford* and therefore *Crawford* states a new rule).

### B. *Crawford* Does Not State A Watershed Rule

"A new procedural rule applies retroactively in habeas proceedings if the new procedure is (1) 'implicit in the concept of ordered liberty,' implicating 'fundamental fairness' and (2) 'central to an accurate determination of innocence or guilt,' such that its absence 'creates an impermissibly large risk that the innocent will be convicted." *Summerlin*, 124 S. Ct. at 2527 (*quoting Teague*, 489 U.S. at 311-313). Such a "watershed rule" of criminal procedure "[a]lters our understanding of [a] *bedrock procedural element*[]" and "vitiate[s] the fairness" of a conviction. *Teague,* 489 U.S. at 311 (emphasis in original). It is unlikely that any watershed rules have emerged since the Supreme Court's decision in *Teague. Summerlin*, 124 S. Ct. at 2523; *see also United States v. Mandanici*, 205 F.3d 519, 529 (2d Cir. 2000) (discussing cases held non-

retroactive under *Teague*); *People v. Watson*, 2004 WL 2567124, at *4 n.2 (N.Y. Sup. Ct. Nov. 8, 2004) (listing cases held non-retroactive under *Teague*); *cf. Bruton v. United States*, 391 U.S. 123 (1968) (held retroactive on collateral review pre-*Teague*); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (held retroactive on collateral review pre-*Teague*).

The Supreme Court has held only a very small number of rules retroactive on collateral review. In *Roberts v. Russell*, the Supreme Court held *Bruton v. United States* applies retroactively on collateral review because the admission of a non-testifying co-defendant's statement was a "serious flaw" that "'went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination'" of his guilt or innocence. *Roberts v. Russell,* 392 U.S. 293, 294 (1968) (*quoting Linkletter v. Walker,* 381 U.S. 618, 639, n.20. (1965)). The Supreme Court stated the rule should apply retroactively "even if the impact of retroactivity may be significant" because of the "serious risk that the issue of guilt or innocence may not have been reliably determined." *Id.* at 295. In *Gideon v. Wainwright*,[1] the Supreme Court held the right to counsel in criminal trials is "fundamental," regardless of the defendant's ability to pay. *Gideon*, 372 U.S. at 343. "[The assistance of counsel] is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. . . . The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not 'still be done.'" *Gideon,* 372

---

[1] *Gideon* was held retroactive by *Pickelsimer v. Wainwright*, 375 U.S. 2 (1963) (per curium) (stating *Gideon* applied retroactively); *see also Kitchens v. Smith,* 401 U.S. 847, 847 (1971) (stating "*Gideon* is fully retroactive."); *Linkletter,* 381 U.S. at 639.

U.S. at 343 (*quoting Johnson v. Zerbst*, 304 U.S. 458, 462 (1938)) (quotations omitted). The Supreme Court has often cited *Gideon* as the type of new rule that falls under the "watershed" exception of the *Teague* standard. *See Saffle v. Parks*, 494 U.S. 484, 495 (1990). This Court is not convinced the rule announced in *Crawford* rises to the level of fundamental importance of *Bruton* and *Gideon*.

Some courts have held *Crawford* retroactive under *Teague*. In *Bockting v. Bayer*, the Ninth Circuit determined that the *Crawford* rule implicates the fundamental fairness of a criminal proceeding and is therefore watershed. *Bockting*, 399 F.3d at 1019 (stating the "difference between pre- and post-*Crawford* Confrontation Clause jurisprudence" is not "incremental" but is an "'absolute pre-requisite to fundamental fairness'") (*quoting Sawyer v. Smith*, 497 U.S. 227, 244 (1990)). The Supreme Court has repeatedly discussed the significance of cross-examination in the criminal justice system. *See e.g., White v. Illinois*, 502 U.S. 346, 356 (1992) (stating that cross-examination is "the greatest legal engine ever invented for the discovery of truth") (quotations omitted) (citations omitted); *Berger v. California*, 393 U.S. 314, 315 (1969) (stating that the inability to cross-examine a witness at trial may have had a "significant effect on the 'integrity of the fact-finding process'"); *Pointer v. Texas*, 380 U.S. 400, 403-404 (1965) (stating that the right to confront witnesses is a "fundamental right" essential to a fair trial) (citations omitted). Other courts agree with *Bockting*'s conclusions. *See People v. Encarnacion*, 2005 WL 433252, at *8-9 (N.Y. Sup. Ct. Feb. 23, 2005) (stating "a watershed rule of constitutional criminal procedure that excludes [testimonial hearsay] evidence satisfies

the final prerequisite for retroactive application under *Teague*"); *People v. Watson*, 2004 WL 2567124, at *7 (N.Y. Sup. Ct. Nov. 8, 2004) (concluding that *Crawford* states a "watershed rule" and must be applied retroactively on collateral review); *see also Tidwell v. Calderon*, 2005 WL 1349539 (9th Cir. June 8, 2005); *Kopp v. Hill* 2005 WL 1389062 (D. Or. June 7, 2005); *Grosvenor v. Hill*, 2005 WL 1173320 (D. Or. Apr. 26, 2005); *People v. Dobbin*, 791 N.Y.S.2d 897, 905 (N.Y. Sup. Ct. 2004).

This Court agrees with the majority of federal courts that have addressed the retroactive application of *Crawford,* however, and holds that while *Crawford* announces a rule important to the fairness of our judicial system, it does not satisfy the definition of a watershed rule for retroactive application under *Teague.* *See Bintz v. Bertrand*, 403 F.3d 859 (7th Cir. 2005); *Dorchy v. Jones*, 398 F.3d 783 (6th Cir. 2005); *Mungo v. Duncan*, 393 F.3d 327 (2nd Cir. 2004); *Brown v. Uphoff*, 381 F.3d 1219 (10th Cir. 2004); *See also People v. Soto*, 795 N.Y.S.2d 429 (2005); *People v. Khan*, 791 N.Y.S.2d 872 (N.Y. Sup. Ct. 2004); *In re Markel*, 111 P.3d 249 (Wash. 2005). The Eighth Circuit has not decided this issue, but has suggested in dictum that *Crawford* likely does not apply retroactively to cases on collateral review. *Evans v. Luebbers*, 371 F.3d 438 (8th Cir. 2004) ("[T]he *Crawford* Court did not suggest that this doctrine would apply retroactively and the doctrine itself does not appear to fall within either of the two narrow exceptions to *Teague v. Lane's* non-retroactivity doctrine").

Initially, as other courts have noted, *Crawford's* rule does not clearly implicate the fundamental fairness of a proceeding such that the likelihood of a false conviction is

substantially changed or affected. *Crawford* does not "introduce any fundamentally new concepts to address the fairness or accuracy of a trial; instead it calls for a complete implementation of a protection that already exists." *Bintz,* 403 F.3d at 867. "[I]t is unclear that *Crawford's* modification to the hearsay rules will markedly improve the accuracy of convictions." *Id.* at 867. While the *Crawford* rule will no doubt improve the trustworthiness of testimony successfully admitted at trial, in some cases it will prevent admission of accurate, reliable, and relevant conviction by preventing hearsay that has not been cross-examined. *See Mungo*, 393 F.3d at 335-36 ("[I]t is likely to improve accuracy in some circumstances and diminish it in others." "Where the testimony was admissible under the old rules precisely because it was reliable, the[] application[] of *Crawford* will diminish, rather than increase, the accuracy of the process."). This is not the type of improvement of the accuracy of the trial process overall contemplated by *Teague* and, therefore, *Crawford* does not state a watershed rule.

Furthermore, *Crawford* does not alter our understanding of bedrock procedural elements. *Crawford* does state that the Confrontation Clause is a "bedrock procedural guarantee." *Crawford*, 541 U.S. at 42. However, that statement alone is unremarkable, and is insufficient to conclude that *Crawford* announces a watershed rule. *Crawford* does not redefine the importance of the Confrontation Clause or "'alter[] our understanding of what constitutes basic due process,' but merely sets out new standards for the admission of certain kinds of hearsay." *Uphoff*, 381 F.3d at 1226 (quoting *United States v. Mora*,

293 F.3d 1213, 1219 (10th Cir. 2002). Such a relatively narrow change is not of such magnitude that its absence effectively denies justice to participants in the system.

## III. CONCLUSION

The Court has determined that *Crawford v. Washington* states a new rule that nevertheless does not constitute a watershed rule as defined by *Teague.* Therefore, *Crawford* does not apply retroactively to cases on collateral review, and as a result, has no impact on Danforth's case. Petitioner's motion for reconsideration of the Court's previous denial of petitioner's writ of habeas corpus is therefore denied.

## IV. CERTIFICATE OF APPEALABILITY

Having now finally ruled upon all of the issues raised in Danforth's petition, for purposes of appeal under 28 U.S.C. § 2253, the Court finds that, with one exception, it is unlikely that some other court would decide the issues raised in this petition differently and that petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The question of whether *Crawford v. Washington* applies retroactively to cases on collateral review, however, has not yet been conclusively determined in this circuit. For this reason, the Court grants a certificate of appealability with respect to this question and denies a certificate of appealability with respect to all other issues raised by Danforth in his petition. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997); *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion to reconsider [Docket No. 76] is **DENIED**.

2. The Court **GRANTS** a certificate of appealability limited to whether *Crawford v. Washington* applies retroactively to cases on collateral review. The Court **DENIES** a certificate of appealability as to all other issues.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

DATED: August 26, 2005
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge