**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**United States,** ***ex rel.***
**Stephen Danforth,**

Civil File No. 01-2137 (JRT/RLE)

Petitioner,

vs.

**David Crist,** Warden of MCF-Stillwater, and the
**Department of Corrections of the**
**State of Minnesota,**

Respondents.

---

**AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

---

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: Steve Danforth

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 09/20/05

---

**My issues on appeal are:**

1. Admission At Petitioner's Trial Of All Alleged Hearsay Statements Of Complainant (Including His CornerHouse 'Interview'), And The Alleged Hearsay Statements Of Two 'Other-Crimes' Victims, None Of Whom Testified At Trial, And In The Context Of The Trial Court's Ruling Of Complainant As Incompetent To Be A Witness, Violated Petitioner's Right To Confrontation, Under *Crawford v. Washington*.

2. The Videotaped CornerHouse 'Interview' Of Complainant Was Prepared For Prosecution And In Contemplation Of Evidentiary Use At Trial, And Hence Was Manufactured Hearsay, And Also Was Essentially An Unsworn Deposition Without Petitioner's Knowledge Or Representation, Depriving Him Of His Rights To Confrontation, To Be Present At A Meaningful Stage Of A Prosecution, To Representation By Counsel At Such A Meaningful Stage, And To Due Process.

3. Admission Of Complainant's Videotaped CornerHouse Interview As Substantive Evidence Violated Petitioner's Right To Confrontation, Especially In The Context Of The Finding Of Complainant's Testimonial Incompetence, In Further Light Of Scientific Evidence Of The Unreliability Of The CornerHouse Interviewing Technique, For Purposes Of Elicitation Of

SCANNED
SEP 2 2 2005 JS
U.S. DISTRICT COURT ST. PAUL

Historical Truth And Accurate Recollection From Young Children, And In View Of All Circumstances Of, And Preceding That Interview.

4. Admission At Petitioner's Trial Of The Other Alleged Hearsay Statements Of Complainant, In The Absence Of Any Trial Court Inquiry Or Finding As To Fulfillment Of The *Idaho v. Wright* Standard Of "Particularized Guarantees Of Trustworthiness", And In Light Of Circumstances Of And Preceding Those Alleged Statements, Violated Petitioner's Right To Confrontation.

5. The Trial Court's Refusal To Admit The Incompetency Hearing Transcript As Evidence, To Allow That Transcript To Be Published To The Jury In Any Way, And To Advise The Jury By Instruction As To Complainant's Testimonial Incompetence, Especially In Light Of The Trial Court's Misleading Instruction Merely That Complainant Was "Unavailable" As A Witness, Deprived Petitioner Of His Rights To Confrontation And To Present His Defense.

6. Prosecution Witness Martinetti's Testimony Improperly Vouched For The Credibility Of Complainant's Videotaped Interview Responses, Thereby Denying Petitioner His Rights To Fair Trial, To Fundamental Fairness, And To Due Process Under The Fifth, Sixth, And Fourteenth Amendments To The United States Constitution.

7. Refusal To Allow Expert Testimony By The Defense Psychological Expert Witness Deprived Petitioner Of His Rights To Confrontation And To Present His Defense.

8. Admission Of Hearsay Statements Of Two Non-Testifying 'Other-Crimes' Victims, Not Asserted To Be Unavailable, As 'Dramatically Read' To The Jury By Prosecutor And Police Officer, And Alluding To Criminal Conduct Outside Of 'Other-Crimes' Convictions, Deprived Petitioner Of His Rights To Confrontation, To A Fair Trial, And To Due Process.

9. Admission Of A Videotape Consisting Of Objectionable Conduct And Expletive Usage At That Time By The 1980s 'Other-Crimes' Victims Deprived Petitioner Of His Rights To A Fair Trial And To Due Process.

10. Closure Of The Courtroom During Testimony By Complainant's Sister, In The Absence Of Findings Of, And In The Absence Of Any Basis For Findings Of Necessity For Closure, And Of Lack Of Any Alternatives To Closure, Deprived Petitioner Of A Public Trial, In Violation Of Due Process, Under *Waller v. Georgia*.

11. Prosecutorial Misconduct Deprived Petitioner Of His Rights To A Fair Trial And Due Process.

12. *Ex Parte* Conferences During Jury Deliberations By The Trial Judge With Jurors, And Contacts By Court Bailiffs With Jurors, Respectively, Coupled With Subsequent Instruction To The Jury That Urged Jurors To Reach Consensus, And That Implied That Consensus Was Not Difficult In Petitioner's Trial, Deprived Petitioner Of His Rights To Self-Representation, To Be Present At A Critical Stage Of The Proceedings, To Jury Trial, To Fair Trial, And To Due Process.

13. Finding By The Trial Judge In Petitioner's Original Sentencing Of Lack Of Proof Of One Element Required For Sentence Enhancement Under Minnesota Statutes, Section 609.1352, And The Trial Judge's Resulting Refusal Then To Apply That Enhanced Sentence To Petitioner Effected An Acquittal Of The Terms Of That Sentence Enhancement Statute, Such That Petitioner Was Subjected To Double Jeopardy By The Subsequent Re-Sentencing To That Same Enhanced Sentence.

14. Petitioner's Upward-Departure Re-Sentencing, Based On Judge-Made Findings Upon A Standard Of Proof Less Than Beyond A Reasonable Doubt Of Elements For That Sentence Enhancement Under Then-*Minn. Stat.*, Section 609.1352 Violates Petitioner's Rights To A Jury Trial And Substantive Due Process Under *Blakely v. Washington*.

15. Under *Apprendi v. New Jersey* And Its Progeny, Imposition Of A "Patterned Sex Offender" Enhanced Sentence Without Jury Finding Of Evidence Of Required Statutory Elements For That Enhancement Beyond A Reasonable Doubt Deprived Petitioner Of His Right To Due Process.

16. The Trial Judge's Offer To Petitioner, During Jury Deliberations, Of A Thirteen-Year Sentence In Exchange For A Guilty Plea, Declined By Petitioner, Coupled With The Sentence Actually Imposed On Re-Sentencing In Excess Of That Length, Deprived Petitioner Of His Rights To Jury Trial And To Due Process.

17. *Minnesota Statutes*, Section 609.1352, Subdivision 1, Contains Definitions And Factors That Are Vague, And That Invite Arbitrary Action By Their Uncertainty Of Meaning And By Their Lack Of Standards Or Guidelines, And These Terms Were Applied To Petitioner By The Re-Sentencing Court In An Arbitrary And Vague Manner, All Depriving Petitioner Of His Right To Due Process.

18. In The Context Of Petitioner's Refusal To Be Psychologically Interviewed, The Re-Sentencing Court's Reliance, To Base Sentencing Under *Minn. Stat.*, Section 609.1352, Upon Adverse Assertions And Inferences In The 'Panciera Psychological Report' Based On Petitioner's Refusal To Be Interviewed For That Report, And Upon An Adverse Judicial Inference Therefrom Of Truth Of Such Adverse Assertions And Inferences, Improperly Penalized Petitioner For Exercise Of His Rights To Remain Silent In The Sentencing Context, As Confirmed In *Mitchell v. United States*, And Deprived Petitioner Of His Right To Freedom Of Speech And Thought.

---

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| **Income source** | **Average monthly amount during the past 12 months** (No Spouse) | | **Amount expected next month** | |
|---|---|---|---|---|
| | **You** | **Spouse** | **You** | **Spouse** |
| Employment | $ 100 | $ | $ 120 | $ |
| Self-Employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interests and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify) | $ | $ | $ | $ |
| **Total monthly income** | $ 100 | $ | $ 120 | $ |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Minn. DOC | Bayport, MN | 1996 - present | $850 (subject to "cost of confinement" deduction — see attached DOC account statements) |
| Bell Atlantic | Bloomington, MN | 1994 - 95 | $2400 |
| Chas. Dahl Assoc. | Minneapolis, MN | 1994 | $1500 |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer (N/A) | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | |

4. How much cash do you and your spouse have?
$ — 0 —

Below, state any money you or your spouse have in bank accounts or in any other financial institutions.

| Financial Institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | | |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account. (see attached)

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | (Value) | Other real estate | (Value) | Motor vehicle #1 | (Value) |
|---|---|---|---|---|---|
| | | | | Make & year: (None) | |
| | | | | Model: | |
| | | | | Registration #: | |

| Motor | (Value) | Other Assets | Value | Other Assets | Value |
|---|---|---|---|---|---|
| Make & year | | None | | | |
| Model: | | | | | |
| Registration # | | | | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| (None) | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| None | | |

**8** Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any paym ents that are made weekly, biweekly,.quarterly, semiannually, or annually to show the monthly rat e.

(i.e., cost of confinement, reducing amount in Item 2 to amount in Item 1)

| | You | Your spouse |
|---|---|---|
| Rent, or home-mortgage payment (include lot rented for mobile home) | $ 300 (varies) | $ |
| Are real-estate taxes included? N/A | ___ Yes | ___ No |
| Is property insurance included? | ___ Yes | ✓ No |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ |
| Home maintenance (reopairs and upkeep) | $ 0 | $ |
| Food | $ 20 | $ |
| Clothing | $ 0 | $ |
| Laundry and dry cleaning | $ 5 | $ |
| Medical and dental expenses | $ 3 | $ |
| Transportation (not including motor vehicle payments) | $ 0 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 10 | $ |
| Insurance (not deducted from wages or included in mortgage payments) | $ 0 | $ |
| Homeowner's or renters | $ 0 | $ |
| Life | $ 0 | $ |
| Health | $ 0 | $ |
| Motor Vehicle | $ 0 | $ |
| Other: ________ | $ 0 | $ |
| Taxes (not deducted from wages or included in mortgage paymen ts) (specify) | $ 0 | $ |
| Installment payments | $ 0 | $ |
| Motor Vehicle | $ 0 | $ |
| Credit Card (name): ________ | $ 0 | $ |
| Department store (name): ________ | $ 0 | $ |
| Other: ________ | $ 0 | $ |
| Alimony, maintenance, and support paid to otheres | $ 0 | $ |
| Regular expenses for operation of business, prof.ession, or farm (attach detailed statement) | $ 0 | $ |
| Other (specify): ________ | $ 0 | $ |
| **Total monthly expenses:** (exclusive of paycheck-deduction rent/"cost of confinement, above) | $ 38 | $ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

___ Yes ✓ No If Yes, describe on an attached sheet.

10. Have you paid -- or will you be paying -- an attorney any money for services inc connection with thios case, including the completion of this form? ___ Yes ✓ No

If yes, how much? $ X

If yes, state the attorney's name, address, and telephone number:

________

________

________