**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

STEPHEN DANFORTH,

Petitioner,

v.

DAVID CRIST
AND
MINNESOTA DEPARTMENT OF
CORRECTIONS,

Respondents.

---

Civil No. 01-2137 (JRT/RLE)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his state court conviction for criminal sexual conduct. The matter was assigned to Magistrate Judge Raymond L. Erickson for report and recommendation, ("R&R), pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Magistrate Judge recommended that Petitioner's habeas corpus petition be denied, and that this action be dismissed. (R&R dated February 17, 2004; [Docket No. 55].) After conducting a de novo review of the matter, this Court adopted the R&R, and ordered that this action be dismissed with prejudice. (Order dated July 14, 2004; [Docket No. 63].) Petitioner's subsequent "Motion For Reconsideration," (Docket No. 65), was denied on August 26, 2005, (Docket No. 83).

On September 22, 2005, Petitioner filed a Notice of Appeal, (Docket No. 84), which was construed to also be a request for a Certificate of Appealability, (Docket No. 88). Petitioner did not pay the $255 filing fee for his appeal, but instead applied for leave to

proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 85.) Thus, the matter is now before the Court to determine (a) whether Petitioner should be granted leave to proceed IFP on appeal, and (b) whether Petitioner should be granted a Certificate of Appealability.

## DISCUSSION

A. The IFP Application

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has no regular income other than the nominal wages that he earns from his prison job. He has been able to maintain only a relatively small balance in his prison trust account, (a few hundred dollars), and he

apparently has no other assets of any significance. Based on the information furnished in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed, his claims for relief are not deemed to be "frivolous," as that term has been defined by the Supreme Court. Petitioner's application for leave to proceed IFP on appeal will therefore be granted.

B. Certificate Of Appealability

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

In the order denying Petitioner's motion for reconsideration, (Docket No. 83), the Court concluded that Petitioner should be granted a COA for one narrow issue – i.e., whether Crawford v. Washington, 541 U.S. 36 (2004) is retroactively applicable to cases on collateral review. In that same order, the Court ruled that Petitioner was not entitled to a COA for any other claim or issue that he might seek to raise on appeal. Petitioner has not identified any change of circumstances, development in the law, or other valid reason to re-visit the Court's previous COA rulings. Therefore, Petitioner will be granted a COA for the specific issue

identified in the Court's prior order, but he will not be granted a COA for any other claim or issue.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 85), is GRANTED; and

2. Petitioner's request for a Certificate of Appealability, (Docket No. 88), is GRANTED with respect to the single issue of whether the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), applies retroactively to cases on collateral review; but in all other respects Petitioner's request for a Certificate of Appealability is DENIED.

Dated: October 27, 2005
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge